## SUPERIOR COURT.

### VICTOR PROSPER CONSIDERANT agt. ALBERT BRISBANE.

In a complaint upon a written instrument, by which the defendant promised to pay to the plaintiff, "as executive agent of the company, Bureau, Guillon, Godin & Co., the sum of $5,000, for which I am to receive stock of said company, known as premium stock, (*actions a prime*,) to the amount of $5,000, value received," it is necessary to allege that the stock was delivered, or an offer to deliver it, on the day on which the $5,000 was payable, or it will be bad on demurrer.

Such an instrument is not a negotiable promissory note, and cannot be declared on as such.

*Before* DUER, *Ch. J.*, BOSWORTH, HOFFMAN, SLOSSON *and* WOODRUFF, *JJ.* *Argued October* 3d, 1857; *decided, October* 10, 1857.

THIS action came before the court, on an appeal from an order sustaining a demurrer to the complaint, which stated two causes of action. The first was, that the defendant made his promissory note in writing in these words, viz.:

" $5,000                    New York, March 1, 1855.

" On the 1st day of July, 1856, I promise to pay to V. Con-

siderant, as executive agent of the company, Bureau, Guillon, Godin & Co., the sum of five thousand dollars, for which I am to receive stock of said company, known as premium stock, (*actions a prime*,) to the amount of five thousand dollars, value received.                                    A. BRISBANE."

The complaint further stated, that the defendant delivered this note to the plaintiff: that the latter is the lawful owner and holder of it: that although frequently requested, the defendant has not paid any part of it: and that he is indebted to the plaintiff thereon, in the sum of $5,000, with interest from the 3d of July, 1856.

The second cause of action is upon a note for the same sum, dated March 1, 1856, and payable the 1st of September, 1856, which note is in the same form as the other, except that it does not contain the words "value received." It is counted upon in the same manner as the other.

The defendant demurred to each cause of action separately, specifying as a ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and from the order sustaining it, the plaintiff appealed to the general term.

*F. H. Dykers, for plaintiff and appellant.*
*Wm. B. Leeds, for defendant and respondent.*

By the court—BOSWORTH, Justice. Each of the contracts described in the complaint, by its clear legal import, required the plaintiff to tender to the defendant, at the time fixed for the payment of the $5,000, stock of the kind specified, and to that amount. A transfer of the stock and payment of the money were dependent acts, to be concurrently performed. To place the defendant in default, and enable the plaintiff to maintain an action upon the contract, it was necessary for him to offer to transfer or deliver the stock, on the day designated for payment. In an action upon such a contract, to recover the contract price, it is necessary to state these facts in the com-

plaint, or pursue the form of pleading authorized by § 162 of the Code, if that section can be regarded as applicable to such a case. If neither be done, the complaint will be held insuf. ficient on demurrer. (*Lester* agt. *Jewett*, 1 *Kern.* 453.)

We cannot accede to the proposition that these instruments are promissory notes: they are not payable absolutely and unconditionally: they are payable on the condition that the plaintiff transfers or offers to transfer the stock at the time named for the payment of the money.

An instrument which in other respects is, in form, a negotiable promissory note, is not divested of that character merely because it recites its consideration, if the consideration be legal and valuable, and is recited to have been received.

But where an instrument, in the form of a promissory note in other respects, states the consideration of it, and that such consideration had not been received, and also states or clearly implies, that it is to be transferred when the money is to be paid, such money is not payable, unless a tender of the consideration is made, and therefore the money is not payable absolutely and at all events.

In a complaint upon such a contract, the plaintiff must allege that he has done the acts required of him by the contract, to entitle him to the money: this is matter of substance and not of form: the burden of proof is on him to allege, and show, if his allegations in that respect are denied, that he transferred, or offered to transfer, the stock.

This is indispensable, to make out a case of *prima facie* liability against the defendant. Without alleging such fact, he does not state enough to show a cause of action.

This case is clearly distinguishable from *Dutchess Cotton Manufacturing Co.* agt. *Davis*, (14 *J. R.* 238,) and *Goshen Turnpike Co.* agt. *Hartin*, (9 *J. R.* 217.) In each of those cases the note stated or imported, that its consideration had been received by the maker of the note. In construing them the court held them promissory notes, and that they might properly be declared on as such. In *Sanders & Ogden* agt. *Bacon et al*, (8 *J. R.* 485,) the court held that the note and in-

dorsement together, had the effect to make the payment of the money and the assignment of the judgment dependent acts, but. as the indorsement was no part of the *note*, in declaring upon the latter, it was not necessary to notice the indorsement; and that the fact of a delivery of the note was evidence that the judgment had been assigned, as the note was not to be delivered until the judgment was assigned.

The order must be affirmed with costs.