By the Court. Woodruff, J.
Our statute now provides that every action must be prosecuted in the name of the real party in interest, (Code, § 111,) except as provided in section 113, which declares that an executor or administrator, or a trustee of an express trust, or a person expressly authorized by statute may sue, without joining with him the person for whose benefit the action is prosecuted; and, byway of definition, it is added, that “ a trustee of an express trust shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another.”
The question before us, and, as we think, the only question, is whether, upon the facts stated in the complaint, the plaintiff is a trustee of an express trust, or, in the words above cited, whether, upon the complaint, the plaintiff appears to be a person with whom, or in whose name, the contract set forth was made.
*477 He is named in the contract; but is the contract, in a just legal sense, made in his name ?
And is the contract made with him, or in legal effect, with the corporation for which he was the agent ?
In judgment of law, the acts of a mere agent done openly and avowedly for his principal, and on his behalf and by his authority, are the acts of the principal only, and the contracts so made are the contracts of the principal. No liability is thereby incurred by the agent, and no rights are acquired by him.
And hence the general doctrine,, that a merely naked agent cannot sue in his own name upon the contracts which he makes for his principal, or which are made through his agency.
But he may contract in such wise as to bind himself personally, and acquire the correlative right to enforce the contract; in which case, although he have no interest whatever in the subject, except what arises out of the contract itself, he may maintain an action thereon. By entering into the personal obligation, he acquires an interest in the contract, and ceases to be the mere agent of his principal.
So in numerous cases, usually spoken of as exceptions to the general rule; as where the principal is not disclosed, in which case the agent does, in fact, bind himself, and so becomes interested in the contract, and acquires the right to enforce it.
So as to an auctioneer, an insurance agent effecting an insurance in his own name for the benefit of another, and a commission merchant, or factor, or a person having a lien upon, or special property in, the subject of the contract. They have long been held entitled to sue upon contracts made by themselves for their principals. By the usages of trade, and in general, because they have an actual interest in the contract itself, or are themselves bound for its performance, they are permitted to sue in their own name for its enforcement.
But clerks, servants and agents generally, selling goods or property for their known principals, and not undertaking themselves for the performance of the contract, have no interest therein, and cannot sue thereon. And yet it is obvious that, if the mere form of words spoken be attended to, millions of property are verbally sold by merchants’ clerks, acting in the known exercise of their authority as clerks, in which the name of the principal is not, in *478 terms, mentioned, and. in which the whole form of negotiation and promise is in the first and second person.
, ' In regard to verbal contracts, we apprehend that no great doubt or embarrassment can arise. When the agent acts purely and professedly as the mere agent of another, words of promise or undertaking, by or to the agent, will be taken as by or to the principal, whether his name be used or not; the agent will be taken to act in a representative character, and so the words employed will be construed as, in legal effect, used by or to the principal in his proper person.
And this will be the sole effect and operation of such a contract, " unless the agent has an interest in the subject of the contract, or by express terms undertakes to bind himself in his individual or personal capacity, and so acquires an interest in the contract itself.
And when the contract -is in writing, if it appear on the face of the contract, that, although named therein, he is mentioned' only in respect of his official or representative character, and not as promisee individually, the promise will not be deemed made to him. When the promise is made to him by his name, without further designation or qualification, purporting to be a contract with him personally, he may sue thereon: the contract is, in every just sense, made with him. When he is designated by name, with the addition of terms of office, or agency, which are merely descriptive of the person, the contract may still be taken to be with him.
But when the terms are such, as clearly import that the party represented is the intended recipient of the subject of the promise, and the designation of the name of the agent is qualified by terms expressive of the capacity or relation which he bears to. such re- • cipient, then the contract is not, in a legal sense, with, nor in the name of the agent.
In short, where the agreement is in writing, it must appear that the agent is himself a party to the contract.
We need hardly specify examples of promissory notes given to agents, by name, without other terms of description; or promissory' notes given to one who, though named, has the word cashier, or trustee, or treasurer, added to his name. ¡Numerous similar examples are to be found in the books; and although there is not entire harmony of decision, it may, we think, be taken as set- *479 tied, that where the promise is in the form of a promissory note, if it be drawn in terms to the agent byname only, or if the designation annexed be words of description only, it may be treated as made with him and in his name, and he may sue thereon.
But where, on the face of the note, it is his official character which was alone in. the mind of the promisor, and contemplated in the promise, the effect is otherwise; as, when the promise was to pay “to the treasurer,” etc., the plaintiff, though in fact treasurer, could not sue, or where the promise was to pay to the cashier of a designated bank, and so of similar cases collected in Paley on Agency, (part 4, chap. 5, and notes to Dunlap’s ed. 1847,) and Story on Agency, (§ 160, § 160a, §§ 401, 418-429,) in treating of this subject.
And the cases most strikingly like the present are in the precise class last defined, in which the promise shows, on its face, that the agent, though named, is named in a capacity or relation that excludes the idea that the promise is made to him personally.
They are a note given to one as “ town treasurer,” or to a “ town treasurer and his successors in office.”
With these general observations, upon the right of an agent to sue, upon principles recognized before the Code, we observe, further, that where a contract was, in legal effect, made with the principal, in such sense, that the agent could not sue thereon, the contract could not be said to be made with the agent.
And where, though his name was contained in the contract, it was accompanied by such a designation of the official dr representative character in which he was named, as promisee, that the promise was, in judgment of law, taken to the principal, and not to himself, then, and in such cases, the contract could not be said to be made in his name.
These views, we think, are sustained and established by numerous cases, and among them, from our own State, see Harp. v. Osgood, (2 Hill, 219,) Taintor v. Prendergast, (3 Hill, 72,) Bayley v. The Onondaga Co. Mat. Ins. Co., (6 Hill, 476,) Grinnell v. Schmidt, (2 Sand. S. C. R. 706,) Union Ind. R. Co., v. Tomlinson, (1 E. D. Smith, R. 364,) and cases cited, among which, bearing most directly upon the' point now under consideration, are Piggott v. Thompson, (3 Bos. & Puller, 147,) and Bowen v. Morris, (2 Taunt. 374;) and see, also, Sargent v. Morris, (3 Barn. & Aid. 277,) Gilmore *480 v. Pope, (5 Mass. 491,) reaffirmed in Taunt, and So. Boston Turnpike Co. v. Whiting, (10 Mass. 336.)
We must assume, that the Legislature, in declaring what the terms “trustee of an express trust” should include, made use of language with a view to its known legal signification.
That they intended, that when the question arose—with whom is the contract in question made? we should answer it in the light of past adjudication, and if the answer in this particular case, is, with the principal, and not with the agent; then, the agent is not a trustee of an express trust, within the definition. And so, if the contract only refers to the agent for the purpose of defining the capacity in which he acts, and not for describing his person, as in the cases above suggested, in which the promise is taken, to the principal directly; then the contract is not, in a legal sense, made in his name, and again, he is not a trustee of an express trust, within the definition.
If these views are correct, the demurrer, in the present case, is well taken. . The contract, declared on, does not import, that the plaintiff has any interest in the subject matter of the contract— nor in the contract itself—nor that he is in anywise bound for, or will be benefited by its performance; it imposes upon him no duty; the promise contained in it does not purport to be made to him personally—it is precisely like a promise to one, “ as town treasurer,” already referred to—it is, therefore, a contract, not with him, but with his principal, and for the reasons already mentioned, it is not, in a legal sense, in his name—it is only in his character as agent, and not in his name as a person, that the contract is madg.
If there was any thing to be performed to the defendant, it was not by the agent. This is, we think, quite apparent. Had the contract been subscribed by the plaintiff, in terms, “as such executive agent, etc.," it would have been no more, and, we think, no less obvious, that the stock which the defendant was to receive, was to be issued to him by the corporation represented, for the purposes of the contract, by the plaintiff.
In this aspect of the case, the contract was between the defendant and the corporation: the defendant was to pay his subscription notes, and the corporation were to issue to him stock for the amount thereof.
*481 And we feel no hesitation in saying, that, upon issuing and tendering to him the stock, the corporation could maintain the action on his promise; and, we .think, that upon the principles above suggested, the plaintiff, the merely naked agent of the corporation, cannot
If there was any room for doubt upon the question, whether, upon the face of the notes sued upon, any implied obligation could arise, if unexplained, binding the plaintiff to deliver the stock, and so giving to him such an interest in the contract as might enable us to treat it as made with him, the pleader seems to us to have carefully excluded any such possible implication, or any construction other than that the plaintiff is the naked agent of the corporation, by the other averments of his complaint.
He avers, that the defendant applied to the plaintiff, acting as agent, and, as such, authorized to receive subscriptions, and authorized to subscribe the defendant’s name in the books of the company, as a subscriber for the stock; that the notes were subscription-notes, made and given for the shares taken by the defendant in the company; that the plaintiff, as such agent, caused the defendant’s name to be entered in the books of the company, as a subscriber, for the amount designated, and caused certificates, in the usual form, to be issued by the company to him. The promise of the defendant being, to pay to the plaintiff, as such agent, completes a transaction in which, as it seems to us, the whole consideration, and the whole obligation and duty, are, as matter of law, between the defendant and the corporation, respectively and reciprocally; that the plaintiff is in no sense a trustee, or any thing but the mere instrument through whom an immediate and direct legal title passed to the corporation, which he represented as their naked agent, not acting or professing to act in his own name.
The order appealed from must be reversed, and judgment or-
dered for the defendant, on the demurrer; but with leave to the plaintiff to amend, within twenty days, on payment of costs. Costs of the appeal may abide the event of the suit.
Ordered accordingly.