[No. 11153. In Bank. — February 17, 1887.]

## PACIFIC TRUST COMPANY, RESPONDENT, *v.* CALEB DORSEY, APPELLANT.

BANKING CORPORATION — SUBSCRIPTION TO STOCK — PAYMENT BY NOTE. — A promissory note executed to a banking corporation in payment of a subscription to its capital stock is not void as being against public policy.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*James A. Louttit, S. D. Woods, A. L. Levinsky,* and *W. S. Montgomery,* for Appellant.

*L. W. Elliott,* and *P. S. Wilkes,.* for Respondent.

BELCHER,. C. C. — This is an appeal by defendant from a judgment in favor of plaintiff, and from an order denying a motion for a new trial.

The action was based upon a promissory note, and the contention of appellant is, that the contract, in the execution of which the note was given, was against public policy and prohibited by law; and so the note was void.

The facts as shown by the record are as follows: —

In August, 1883, the Pacific Trust Company, plaintiff herein, was organized as a corporation to do a banking business at the city of Stockton. Its capital stock was fixed at five hundred thousand dollars, divided into five thousand shares of the par value of one hundred dollars each. The defendant subscribed for one hundred shares of the capital stock.

After the corporation was fully organized the subscribers for stock were called upon to pay an assessment of ten per cent upon the amounts severally subscribed by them.

The defendant paid nothing upon his subscription till the third day of December, 1883, when he made the note in question for the amount of his assessment, payable to the plaintiff, or order, one day after date, with interest at the rate of ten per cent per annum. The note was delivered to the president of the company, and thereupon a certificate for one hundred shares of stock, properly signed and sealed, was delivered to the defendant, and by him indorsed and delivered back to the president, to be held by the company till his note should be paid. The note was not paid, and on the 4th of September, 1884, this action was commenced to recover the amount due upon it.

Was the note void ? In support of their claim that it was, counsel for appellant cite section 11 of article 12 of the constitution, section 1 of "An act concerning corporations and persons engaged in the business of banking," approved April 1, 1876 (Stats. 1875–76, p. 729), and section 560 of the Penal Code.

The section of the constitution referred to reads as follows: —

" No corporation shall issue stock or bonds except for money paid, labor done, or property actually received, and all fictitious increase of stock or indebtedness shall be void. The stock or bonded indebtedness of corporations shall not be increased except in pursuance of general law, nor without the consent of the persons holding the larger amount in value of the stock, at a meeting called for that purpose, giving sixty days' public notice, as may be provided by law."

The evident purpose of this section was to prevent the fictitious increase of the stock or indebtedness of corporations, and it does not touch the question involved here. The defendant had subscribed for one hundred shares of the stock, and was liable to pay for it as the money might be needed and called for. And if it be conceded that the certificate was improperly issued to him before the actual

payment of the money or some part of it, still that fact cannot render void his promise to pay at a subsequent time, and so release him from all liability.   But it is by no means clear that the certificate was improperly issued. The provision is that no stock shall be issued "except for money paid, labor done, or property actually received." The word "property" includes property, real and personal, and the words "personal property" include "things in action and evidences of debt."   (Civ. Code, sec. 14.)

The defendant's note was actually received by the corporation, and was a thing in action or evidence of debt.

The first section of the "act concerning corporations and persons engaged in the business of banking" requires every corporation and all persons doing a banking business in this state, in January and July of every year, to publish and file for record a sworn statement "of the amount of capital actually paid into such corporation or into such banking business; *provided*, that nothing shall be deemed capital actually paid in except money *bona fide* paid into the treasury of such bank, and under no circumstance shall the promissory note, check, or other obligation of any director or stockholder, or of the proprietors or proprietor of any such bank, be treated, computed, or in any manner considered any part of such actually paid-in capital."

Under this statute defendant's note could not be advertised to the world or treated as a part of the paid-up capital of the bank.

The evident purpose of the statute was to inform the public twice a year of the actual capital which a bank might have in hand for its business, and to prevent the perpetration of frauds upon the public by a pretended or fictitious capital.   But why should the note be held void because the amount of it could not be included in the advertised capital ?   It was given for a lawful and adequate consideration, and was, in fact, only a new promise to pay a debt which the defendant had contracted and was then obligated to pay.

Section 560 of the Penal Code is in a chapter that treats of "fraudulent insolvencies by corporations, and other frauds in their management." It provides that "every director of any stock corporation who concurs in any vote or act of the directors of such corporation, or any of them, by which it is intended . . . . to discount or receive any note or other evidence of debt in payment of any installment actually called in and required to be paid, or with the intent to provide the means of making such payment, . . . . is guilty of a misdemeanor."

It is unnecessary to consider when or under what circumstances this section makes the directors of a corporation liable to be prosecuted for a misdemeanor. The only question here presented is, Does it make void the note of defendant, which, so far as appears, was made in good faith and for the purpose of obtaining a little more time to discharge an obligation which he then recognized as legal and binding upon him? We do not think it can have that effect. If it could, then by the same reasoning it would follow that if he had gone to the bank with the best note that could be made in the state, and had had the note discounted, with the intent to provide the means of making payment of his assessment, and with the money received had paid his assessment, still he could treat the whole transaction as void, and compel the bank to deliver back to him the note. Such a construction of the section would sanction fraud and unfair dealing, and we cannot therefore think it correct.

In our opinion the receipt of the note neither violated public policy, good morals, nor positive law, and the judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

McKINSTRY, J., and TEMPLE, J., dissented.