HARVEY L. HOPKINS, IMPLEADED, ETC.,

v.

GEORGE VAN ZANDT.

*Contracts—Note—Consideration—Failure of—Character of Paper.*

1. It is a requisite of commercial paper that it must be payable absolutely and at all events.

2. Any memorandum designed to control the operation of a note written on any part of its face, will constitute a part of it, and in construing the legal effect and determining the character of the instrument, such memorandum must be considered in connection with the rest of the writing.

[Opinion filed June 2, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

The declaration in this action was the ordinary form in assumpsit upon a negotiable promissory note, with count for first indorsee against makers and the common counts.

The pleas were non assumpsit, a plea of failure of consideration, setting up that the note was given to Schuler, the payee named therein, for purchase of certificate No. 113, for fifty shares of stock in Hopkins Manufacturing Company, in case Schuler should wish to sell at maturity of note; that the certificate was never delivered nor tendered, and a plea alleging the execution was obtained by fraud, covin and deceit.

The instrument declared on and admitted in evidence is as follows:

"$5,000.                      CHICAGO, August 15, 1882.

"On the first day of July next after date, we promise to pay to the order of H. B. Schuler, five thousand dollars, at the Commercial Nat. Bank, with interest at six per cent per annum. Value received.

                          "HARVEY L. HOPKINS,
                          "DANIEL B. WHITACRE,
                          "WM. F. TUCKER.

"No......Due..........

"Ctf. of stock No. 113 for 50 shares of stock in the Hopkins Mfg. Co., to be surrendered on payment of this note.

"Endorsed:   Pay to the order of George Van Zandt.
                          "H. B. SCHULER."

The case was tried by the court without a jury.

The defendants introduced evidence tending to show that no money or thing of value passed from Schuler to either one of the makers of the note; that said Schuler had subscribed for certain shares of stock in the Hopkins Manufacturing Company, but refused to pay for the same unless the makers, who were directors of the company, would undertake to relieve him of the stock within a year. He was to deliver

up the stock in case he chose to insist on payment of the note. To show this understanding, the memorandum was affixed to the note before signing. The certificate of stock No. 113 was never the property of the makers of the note.

The following propositions of law were asked by the defendants:

1. Defendants, Hopkins and Tucker, ask the court to hold, as a proposition of law, that the memorandum at the foot of said supposed note was and is a component part of the contract entered into by the parties to said note.

Held, to this extent, that before judgment entered plaintiff must surrender, or offer to surrender, certificates of stock in question.

2. Said defendants further ask the court to hold that the obligation to pay the sum of $5,000 and interest, was and is no more binding on the signers of said note than was and is the obligation of the holder thereof to surrender said stock certificate described in said memorandum.

Held, to this extent, that before judgment entered, plaintiff must surrender, or offer to surrender, the certificate of stock in question.

3. Said defendants further ask the court to hold that the money named in said note was not payable absolutely and without condition upon the 3d of July, 1883, under the terms of the contract between the payee and signers of said note.

Refused; exception by defendants.

4. Said defendants further ask the court to hold that the placing of said memorandum at the foot of said note before the signing thereof rendered said note unnegotiable.

Refused; exception by defendants.

5. Said defendants further ask the court to hold that the said supposed note is not and never was a negotiable instrument.

Refused; exception by defendants.

6. Said defendants further ask the court to hold that the plaintiff, George Van Zandt, has not shown any legal title to said supposed cause of action set up in plaintiff's declaration.

Refused; exception by defendants.

7.  Said defendants further ask the court to hold that said George Van Zandt is not entitled to maintain this action in his own name.

Refused; exception by defendants.

Finding for plaintiff and damages assessed at $6,018.

Exception by defendants.

Messrs. C. C. BONNEY and L. M. PAINE, for plaintiff in error.

Mr. HOWARD HENDERSON, for defendant in error.

MORAN, P. J.   Plaintiffs in error contend that the instrument sued on is not a negotiable promissory note, but is a mere chose in action, the money mentioned therein payable only on the condition of compliance with the memorandum at the foot of the note.   We are of opinion that this position is correct.   It is "a requisite of commercial paper; that it must be payable absolutely and at all events.   If the payment is made to be dependent upon any contingent event, the instrument ceases to be commercial paper.   In order to be negotiable the payment must be unconditional."   Tiedeman on Com. Paper, Sec. 25; Gillian v. Meyers, 31 Ill. 525.

Any memorandum designed to control the operation of the note, written on any part of its face, " within the four corners thereof," will constitute a part of it, and in construing the legal effect and determining the character of the instrument, such memorandum must be considered in connection with the rest of the writing.

This is established by all the text books on the subject of negotiable instruments, and by numerous adjudged cases abundantly cited in the brief for plaintiff in error.   See Costello v. Crowell, 127 Mass. 293; Blake v. Coleman, 22 Wis. 416; Cook v. Kelsey, 19 N. Y. 415; Prins v. S. B. L. Co., 20 Ill. App. 236.

Reading the memorandum on the instrument in suit, in connection with the rest of the writing, it shows that the surrender of the certificate of stock mentioned therein is to be made on payment of the note.   Surrender or readiness to

surrender the stock certificate must necessarily be alleged and proved in order to entitle the payee to recover on the instrument. The payment of the money and the surrender of the stock are to be contemporaneous acts, and the performance of the one can not be required without the performance of the other or an offer to perform it.

The money, then, is not to be paid absolutely, but only on the surrender of the stock certificate, and so the writing lacks that element necessary to negotiability, to wit, payment at all events of a sum certain, at a time certain.

In Consederant v. Brusbane, 14 How. Pr. Rep. 487, the note sued on, read:

"New York, March 1, 1855.

"On the 1st day of July, 1856, I promise to pay to V. Consederant, as executive agent of the Company Bureau, Guillon, Goden & Co., the sum of five thousand dollars, for which I am to receive stock of said company, known as premium stock, to the amount of five thousand dollars, value received."

The court said: "Where an instrument in the form of a promissory note in other respects, states the consideration of it, and that such consideration had not been received, and also states or clearly implies that it is to be transferred when the money is to be paid, such money is not payable unless a tender of the consideration is made, and therefore the money is not payable absolutely and at all events." See also Fletcher v. Thompson, 55 N. H. 308.

In Cook v. Saterlee, 6 Cowan, 108, which is cited with approval in Gillian v. Meyers, *supra*, the action was on an accepted bill of exchange, in which the acceptors were directed to pay the plaintiff the sum of $400, and take up the drawer's note of a certain date held by the payee for that amount. The court said: "The payment of the money and taking up the note must be simultaneous acts. The acceptors could not take up the note until it was presented, nor were they bound to pay the money until the plaintiff was ready. The instrument was payable on a contingency, and is the same as if it had been said: "Pay W. C. $400 on his giving up our

640 · APPELLATE COURTS OF ILLINOIS.

VOL. 40.] First Nat. Bk. of Chicago v. N. W. Nat. Bk. of Chicago.

note." See also Smilie v. Stevens, 39 Vt. 315; Benedict v. Cowdon, 49 N. Y. 396.

Defendant in error contends that the memorandum on this note must be read as referring to collateral security, i. e., that the stock to be surrendered was held as collateral security for the note. We can not assent to this contention. There is no allusion in the writing to security or to collateral. The certificate of stock is to be surrendered or delivered, but there is nothing from which we can infer that such surrender is a mere restoring or return to former holders or owners of the said certificate.

The memorandum is not ambiguous. True, it does not state at length the reasons for its being written, and that was unnecessary. It plainly specifies what the payee is to do when the money is paid, and that is sufficient.

The instrument is not negotiable, and this action can not be maintained.

The judgment will therefore be reversed.

*Judgment reversed.*