CHARLES E. KOHLMETZ, as Receiver of the Property of THE ROCHES-
TER AND CAYUGA LAKE VINEYARD COMPANY, Respondent, v..
WILLIAM W. CALKINS, Appellant.

*Corporation — in an action for the balance of a subscription, the complaint need not
allege a delivery of a certificate of the stock — a purchase of stock distinguished
from a subscription.*

A person who has subscribed for shares of the original stock of a corporation
becomes thereby a member of that corporation, taking all the rights as such
by virtue of his subscription, and a delivery of a certificate for the stock is not
essential to his becoming a stockholder of the corporation; it is merely evi-
dence of that relation.

In an action brought by a receiver of the corporation on behalf of its creditors to
recover the amount unpaid upon such a subscription, it is not necessary that
the complaint allege the tender or delivery of the certificate of stock to the
subscriber.

The distinction in this respect between an original subscriber for the stock and a
subsequent purchaser thereof, considered.

APPEAL by the defendant, William W. Calkins from an inter-
locutory judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Monroe on the
8th day of October, 1896, upon the decision of the court rendered
after a trial at the Monroe Special Term overruling his demurrer
to the complaint.

The plaintiff alleges that the company was incorporated in April,
1891, under and by virtue of chapter 41 of the Laws of 1848. That
the plaintiff in a certain action against the company was appointed
receiver of its property, etc. And that by the judgment in that
action the plaintiff was also appointed and continued as such
receiver. That the capital stock of the company, amounting to
$50,000, was duly subscribed for on or about May 12, 1891. And
that on or about that day " The defendant, in consideration that the
said Rochester and Cayuga Lake Vineyard Company would accept
the defendant as a member and shareholder and would issue to
defendant a certificate for the shares of the stock hereinafter men-
tioned when the defendant should have fully paid for the same, sub-
scribed for five shares of the capital stock of said company of the
par value of $100 each, which subscription was accepted by the said

company and defendant thereafter became a member and share-holder in said company, and therefor and thereby the defendant promised and agreed to pay to the said company the sum of $500 pursuant to calls theretofore made or thereafter to be made by said company."

Then follow alleged calls for and payment of seventy per cent of the amount of the stock taken by the defendant. And calls for and non-payment by him of the residue, $150, for which judgment is demanded.

*D. L. Atkyns,* for the appellant.

*John A. Barhite,* for the respondent.

Interlocutory judgment affirmed, with costs, on the opinion of BRADLEY, J., delivered at Special Term, with leave to withdraw the demurrer and answer upon payment of the costs of the demurrer and of this appeal.

All concurred.

The following is the opinion of BRADLEY, J. :

BRADLEY, J. :

The effect of the allegation that the Rochester and Cayuga Lake Vineyard Company was duly incorporated is not rendered ineffectual by the reference made to chapter 41 of the Laws of 1848. That chapter has no relation to the subject. And it is evident that by inadvertence chapter 41, instead of chapter 40, of the Laws of 1848, was mentioned as that under which the company was incorporated.

The only question requiring consideration is whether an offer or tender of a certificate of stock was a prerequisite to the maintenance of this action. If it was so, the defendant's demurrer is supported by the failure of the plaintiff to allege such fact.

Meeting the proposition the same as if the company itself were the plaintiff, it becomes necessary to consider the nature of the transaction by which the defendant became the stockholder and in what relation he became such within the meaning of the allegations of the complaint. A person may become the owner of shares of stock of a corporation by subscription or by purchase. In the former case he becomes a member and takes all the rights as such by his sub-

scription to the original stock. And no offer or delivery of a certificate is essential to his liability to pay the amount of the shares for which he has subscribed; but if his relation is that of purchaser, the delivery of the certificate and payment for the stock are in contemplation concurrent, and the offer or tender of the certificate before suit is necessary to its maintenance for the recovery of the amount of the unpaid balance for the stock. (1 Morawetz on Corp. § 61.)

The difference in the relation arising out of the contract of membership resulting from the original subscription to the stock and that of purchase is that in the one case there is a bond of union between the shareholders, and in the other, when the purchase price is to be paid in the future, the contract is executory between the parties to it. The corporation may be the seller of its stock, and the purchaser would in that case become a shareholder upon execution of the contract. (1 Morawetz on Corp. § 118; *Butler University* v. *Scoonover*, 114 Ind. 381; 5 Am. St. Rep. 627; 14 West. Rep. 306.) The rule applicable to the sale of stock of corporations does not differ from that applicable to the sale of other securities in respect to the question raised by the defendants in the present case. A certificate, however, is not necessary to make a subscriber to the stock of a corporation a stockholder, whether he becomes such before or after its organization. It is merely evidence of that relation. (1 Morawetz on Corp. § 56; *Burr* v. *Wilcox*, 22 N. Y. 551; *Wheeler* v. *Millar*, 90 id. 353.)

Although not as clearly stated as it might have been in the complaint, the allegation is fairly to be so construed as to import that the defendant was one of the original subscribers to the stock of the company. It is alleged that the capital stock consisted of 500 shares of $100 each; that the full amount of it was subscribed for on or about the day named, and that the defendant then became a subscriber to five shares of the capital stock, and thereafter became a shareholder and member of the company. It is thus alleged that he became a member of the company. And its agreement to issue to him a certificate was to do no more than it could have been required by the defendant to do on the payment of the amount of his subscription to the stock. Such is the right of every stockholder on making such payment. The only difference between that of an original

subscriber and member and a purchaser as such of the company is that in the latter case the delivery of the certificate and payment are intended to be concurrent, while in the former such is not the condition upon which payment may be required. In *Considerant* v. *Brisbane* (14 How. Pr. 487) the transaction as represented by the terms of the note of the defendant given to the agent of the company was an agreement to sell to him its *premium* stock for a consideration expressed. The agreement was executory. And clearly the tender or offer of the stock certificate was necessary to put the defendant in default. The court there so held. The complaint was thereupon amended accordingly and the demurrer afterwards interposed to the amended complaint on other grounds was overruled. (2 Bosw. 471 ; 22 N. Y. 389.)

In *St. Paul, S. & T. F. R. R. Co.* v. *Robbins* (23 Minn. 439) the subscription by the defendant was not to the original stock of the company, but was for what was termed preferred stock to be issued after the organization of the company. The nature of the contract was that the company would issue such stock and that the defendant would take the amount of it for which he subscribed. It was held that the promises were concurrent and dependent. And that as the company had neither issued or offered to issue the stock the action was prematurely brought. Neither of those cases seems necessarily to support the defendant's proposition in the present case. And I am, with some hesitation, inclined to the view that the alleged relation of the defendant to the company is that of subscriber to its original stock, that he then became a member, that he is not to be treated as a purchaser and that the alleged undertaking of the company to deliver a certificate to him adds nothing to the obligation other than that which the law would imply in such case, and, therefore, the liability to pay for it was not dependent upon the tender or offer to deliver the certificate.

But however that may be, a further question arises from the fact that the action is not brought by the company, but by a receiver in behalf of its creditors. In such case the action is not founded upon his special agreement, but in behalf of the creditors of the company on his liability as subscriber to pay for his stock. And as no certificate was requisite to perfect his subscription, its delivery or tender

is not necessary to the maintenance of the action. He, on payment, will have his remedy against the company for a certificate if desired by him. (*Hawley* v. *Upton*, 102 U. S. 314; 1 R. S. 600, § 5; *Cutting* v. *Damerel*, 23 Hun, 339.)

No other question requires consideration. The plaintiff should have judgment on the demurrer with leave to the defendant to answer within twenty days upon payment of the costs of the demurrer.