SECURITY TITLE & TRUST CO. OF YORK, PA., v. STEWART.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. JUDGMENT (§ 250*)—THEORY OF COMPLAINT—CHANGE OF THEORY.
    Where the theory of the complaint was that the defendant's agreement was for the purchase of stock, and not to subscribe to capital stock, no recovery could be had on the theory that the agreement constituted a subscription agreement.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. § 250.*]

2. CORPORATIONS (§ 121*)—PURCHASE OF STOCK—ACTION FOR PRICE—TENDER OF DELIVERY.
    Where defendant entered into a contract for the purchase of corporate stock, the capital of which had not been paid in, no action for the price can be maintained after all the installments are due, unless the seller tenders a delivery and shows an ability to perform; it otherwise not appearing that defendant would obtain the stock.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 504, 505; Dec. Dig. § 121.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by the Security Title & Trust Company of York, Pa., against James C. Stewart. From an order denying his motion for judgment on the pleadings, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Gilbert E. Roe, of New York City, for appellant.

Louis Marshall, of New York City, for respondent.

LAUGHLIN, J. The only point presented by the appeal is whether the complaint states facts sufficient to constitute a cause of action, for that is the sole ground upon which the motion for judgment upon the pleadings was made.

[1] The action is brought on an assigned claim of the Prudential Finance Company to recover the sum of $12,500, the consideration which it is alleged the defendant agreed to pay plaintiff's assignor on a subscription for 10,000 shares of the capital stock of the La Luz Mining & Tunnel Company. It was conceded at Special Term, and is conceded on the appeal, that the theory of the complaint is that the defendant's agreement with plaintiff's assignor was for the purchase of stock, and that it was not an agreement to subscribe for capital stock in the La Luz Mining & Tunnel Company, although it is in the form of a subscription agreement; and manifestly no recovery could be had upon the theory that the agreement constituted a subscription agreement with the La Luz Company, and, in the circumstances, that question does not require further consideration.

[2] By the terms of the agreement, a copy of which is annexed to the complaint, the subscribers agreed with one another and directly with the plaintiff's assignor. It was to become of force when subscriptions in the same form for 100,000 shares of the capital stock should be obtained by subscribers whose responsibility should be approved by the plaintiff's assignor, and notice thereof should be given to the subscribers. It is alleged that the requisite subscriptions were obtained, as provided in the agreement, on or about the 1st day of June, 1905, and that each subscriber was thereupon duly notified thereof. The agreement required each subscriber to pay 10 per cent. of the amount of his subscription when thus notified, and the remainder in installments as called by the board of directors of plaintiff's assignor; but it limited the board in calling for subscriptions to not more than 10 per cent. of each subscription in any one month, counting from the time of payment of the first installment. With respect to the delivery of the stock, the agreement provided as follows:

"The stock hereby subscribed for shall be delivered upon payment of the last installment; but if the full amount subscribed shall not be called prior to July 1, 1906, then, on that date, each subscriber who is not in default shall be entitled to receive stock to the amounts actually paid on his subscription hereunder."

The agreement contained provisions not involved on the appeal, by which the plaintiff's assignor was authorized to borrow money thereon, and the subscribers were thereupon to become severally liable

for their respective proportionate shares of the loan. There is no recital in the agreement as to whether the plaintiff's assignor then held the stock, or with respect to when or how it was to acquire it; and there is no allegation in the complaint that plaintiff's assignor, or the plaintiff, ever had or was in a position to acquire the stock, or that delivery of the stock was tendered to the defendant, or that the plaintiff is in a position to make delivery upon payment of the subscription. For aught that appears by the agreement, or the complaint, if the defendant were required to pay his subscription, he might be unable to obtain the stock. According to the allegations of the complaint, at the time the action was commenced, all of the installments on the defendant's subscription had matured, and he was in default with respect to each of them; and the plaintiff seeks to recover the entire amount of the defendant's subscription.

The learned counsel for the respondent contends that the plaintiff was under no obligation to tender delivery of the stock, for the reason that the subscription was payable in installments, and the defendant was not entitled in any event to receive the stock until after he had paid nine installments, and at most at the time of paying the tenth installment. There is no force in this contention, for all of the installments having become due, and the defendant being in default at the time the action was commenced, the case is precisely the same as if the whole amount was payable at one time. Beecher v. Conradt, 13 N. Y. 108, 64 Am. Dec. 535; Booth v. Milliken, 127 App. Div. 522, 111 N. Y. Supp. 791, affirmed 194 N. Y. 553, 87 N. E. 1115.

It is not contended in behalf of the respondent that this was an executed contract of sale, and that plaintiff's assignor held the stock as collateral security for the payment of the defendant's subscription agreement; but James v. Hamilton, 2 Hun, 630, which was affirmed on appeal (63 N. Y. 616), is cited in support of the argument that the defendant was not entitled to demand a delivery of the stock until after payment of the ninth installment. It was held in that case that where there is an *executed* contract for the sale of personal property, and the property is held as security for the payment of a note given for the purchase price, there need be no tender before bringing an action on the note; but that was upon the theory that the property was held as collateral and that title thereto had passed to the purchaser. Of course, it is unnecessary to tender the return of collateral held as security for a note before bringing an action thereon; but that is not this case.

This was an executory contract for the sale of the stock, and the title did not pass to the defendant at the time he signed the subscription agreement, and if he ever obtains title to stock by virtue of the agreement it will not be until he pays the purchase price. Therefore the ordinary well-settled rule, that an action on an executory contract to recover the purchase price of property cannot be maintained unless the plaintiff has tendered a delivery and is able to perform, applies. Kohlmetz v. Calkins, 16 App. Div. 518, 44 N. Y. Supp. 1031; Considerant v. Brisbane, 14 How. Prac. 487; Levy v. Burgess, 64 N. Y. 390; Ewing v. Wightman, 167 N. Y. 107, 60 N. E. 322; Booth v. Milliken and Beecher v. Conradt, supra.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, but with leave to plaintiff to amend, on payment of costs of the appeal and of the motion. All concur.