[Civ. No. 5612.   First Appellate District, Division Two.—June 10, 1926.]

## J. K. REEDER, as Trustee in Bankruptcy, etc., Appellant, v. WALTER FINDERUP, Respondent.

[1] CORPORATIONS—STOCK CERTIFICATE—PROOF OF OWNERSHIP.—A certificate of stock is merely evidence of ownership; and proof that a person is a stockholder and that he is the owner of the stock can be made without the certificate.

[2] ID.—SALE OF STOCK—PROMISSORY NOTE AS PAYMENT—CONSIDERATION—SUBSEQUENT BANKRUPTCY OF CORPORATION.—Where corporate stock is sold for part cash and a promissory note is given for the balance, in accordance with the permit of the commissioner of corporations, but the stock is not issued or delivered, the agreement of the corporation to issue and deliver the stock constitutes a sufficient consideration for the promissory note, and the

---

1.   See 6 **Cal. Jur.** 753.

subsequent bankruptcy of the corporation and consequent inability to deliver the stock is not a defense to a suit by the trustee in bankruptcy to recover upon said promissory note.

(1) 14 **C. J.**, p. 478, n. 44, p. 481, n. 87. (2) 7 **C. J.**, p. 130, n. 37; 14 **C. J.**, p. 835, n. 3, p. 836, n. 25.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Reversed.

The facts are stated in the opinion of the court.

Milton M. Dearing and Robert M. Thomas for Appellant.

Harris & Hayhurst for Respondent.

NOURSE, J.—Plaintiff sued as trustee in bankruptcy of California Tractors, Inc., an insolvent corporation, to recover upon a promissory note executed by defendant in favor of the corporation and given to cover payment of balance on the purchase of stock of the corporation. The cause was tried on an agreed statement of facts and judgment went for the defendant. Findings were waived and the plaintiff presents this appeal from the judgment on the roll and a bill of exceptions containing the statement of facts.

The note upon which the suit is based was executed February 2, 1922, by the defendant. He agreed to pay the corporation $300 ninety days after date, with interest at seven per cent and a reasonable attorney's fee if suit were brought for collection. In the statement of facts it was agreed "that on said 2nd day of February, 1922, defendant agreed to buy from said corporation, and said corporation agreed to sell to defendant five (5) shares of the capital stock of said corporation for the sum of five hundred ($500.00) dollars, to-wit: at the rate of one hundred ($100.00) dollars per share; that thereupon and on said date, defendant paid said corporation, for said stock, the sum of two hundred ($200.00) dollars lawful money of the United States, and made, executed and delivered to said corporation the promissory note sued on in this action, for the amount of the balance of said sum of five hundred ($500) dollars to be paid for

said shares of stock; that said promissory note was in words and figures as set forth in paragraph II of plaintiff's complaint in this action; that at the time of said transaction, said corporation held a permit from the Commissioner of Corporations of the State of California, authorizing it to sell its said stock for cash, lawful money of the United States, or in exchange for twenty-five (25%) per cent cash and the subscriber's promissory note or notes for the balance thereof, with interest, if any, and that said permit provided, among other things, that all certificates issued to subscribers in exchange for cash and promissory notes should be held by the company as a pledge for the principal amount of said note or notes and interest thereon, if any; that defendant has never paid said promissory note or the interest thereon, or any part thereof, and has never offered so to do, and said corporation has never delivered to defendant the certificates for said shares of stock, and has never tendered or offered delivery thereof to him, and that plaintiff has not delivered ,or tendered delivery of said certificates to defendant, that no certificate for said stock has ever been made out or entered on the stock book of said corporation; and defendant has not demanded delivery of said certificates, either from said corporation or from plaintiff.''

It was further stipulated that if judgment should be given in favor of the plaintiff herein it should be in the principal sum of $300 ''for interest thereon at the rate of seven (7%) per cent per annum from Febraury 2, 1922, compounded May 3, 1922, for seventy-five ($75.00) dollars attorney's fees and for eight and 50/100 ($8.50) dollars costs.''

The only defense tendered before the trial court was that there was a failure of consideration in that the corporation was, because of its insolvency, unable to deliver the stock and that there had been no delivery or tender before suit was brought. In support of the judgment the defendant argues that he was neither a stockholder nor a subscriber, but that he had merely ''agreed to purchase'' the stock, and hence was not liable as either. The answer is in the statement of facts—on February 2, 1922, the defendant agreed to buy five shares of the stock of the corporation for the sum of $500, and ''that thereupon and on said date defendant paid said corporation *for said stock* the sum of

$200 . . . and made, executed and delivered to said corporation the promissory note sued on in this action for the amount of the balance of said sum of $500 to be paid for said shares of stock."

Thus the agreement to purchase was consummated on the same day by the payment of $200 of the purchase price thereof in cash, and the delivery of the note for the balance, and the defendant thereupon became a stockholder. The certificate evidencing the sale to defendant was held by the corporation as security for the note under an order of the state commissioner of corporations. This transaction took place on February 2, 1922; the suit was filed on January 15, 1925. If the defendant did not have actual notice of the order under which his stock certificate was held by the corporation as security for his note his failure to demand that it be issued over a period of three years forces the inference that he fully assented to the arrangement. [1] However, the actual issuance of the certificate of stock is of no importance. The certificate is merely evidence of ownership—proof that the party is a stockholder and proof that he is the owner of the stock. But proof of both of these facts can be made without a certificate. (*Mitchell* v. *Beckman,* 64 Cal. 117, 121 [28 Pac. 110].) In the case cited the court used language particularly appropriate here: "When the corporation has agreed that a person shall be entitled to a certain number of shares in its capital, to be paid for in a manner agreed upon, and that person has agreed to take and pay for them accordingly, he becomes their owner by a valid contract made upon a valuable consideration." (Citing cases.)

[2] It is upon this contract between the corporation and the defendant that this action is based and the question arises, Is the failure to deliver or tender the certificate a defense to this action? The defendant pleaded in his answer that the note was given in payment of the balance for the stock under the agreement of the corporation to deliver the five shares to him, and that the corporation had been unable to make delivery since June 2, 1924, the date of the adjudication of bankruptcy. The agreement of the corporation was, of course, a sufficient consideration for the note, and the note was good as "payment" for the stock. (*Pacific*

*Trust Co.* v. *Dorsey,* 72 Cal. 55, 57 [12 Pac. 49].)    The rights of the parties in this suit date from the adjudication of bankruptcy, and if the consideration was good at that time—a fact that is admitted because not denied—the subsequent failure of consideration is not a defense to a suit by the trustee.

The judgment must be reversed and as findings were waived and the statement of facts is sufficient to cover a judgment for the plaintiff, a new trial is not necessary.

It is therefore ordered that the judgment be reversed, with directions to the trial court to enter judgment for the plaintiff as prayed in accordance with the stipulation of facts on file.

Sturtevant, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 29, 1926, and the following opinion then rendered thereon:

THE COURT.—The respondent has asked for a rehearing of the judgment in the above-entitled cause rendered by this court on June 10, 1926. In his petition he criticises the language of the opinion to the effect that he had pleaded in his answer that the note in suit was "given in payment" for the balance of the stock. We had previously given a full statement of the transaction taken from the agreed statement of facts upon which the cause was tried. From this it appeared that the stock was *sold* for $200 cash and the promissory note for the balance, in accordance with the permit of the commissioner of corporations. The language of the opinion criticised was merely our legal conclusion of the effect of the pleading.

We are satisfied from the facts stated that the sale was complete when the note was given and that the liability to the creditors of the corporation dated from that time.

Rehearing denied.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1926.