HARRY L. ALLEN, as Trustee in Bankruptcy of the AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., Appellant, *v.* D. M. RYAN, Respondent.

Fourth Department, March 9, 1927.

Corporations — stockholders — action by trustee in bankruptcy to recover amount unpaid on subscription — defendant became stockholder when he executed valid subscription agreement and then became subject to all stockholder's liability — not necessary that certificate of stock be issued.

A trustee in bankruptcy of a corporation may recover from a subscriber for stock in the corporation, the amount unpaid on the subscription agreement at the time of bankruptcy, where the subscription agreement was valid and enforcible by the corporation.

The subscriber became a stockholder of the corporation as soon as he executed a valid subscription agreement and he then became subject to all the liabilities of a stockholder, even though no certificate was issued to him and even though the subscription agreement provided that a certificate would not be issued until the amount subscribed was paid in full. It is not necessary that a certificate of stock be issued to a subscriber in order to make him a stockholder of a corporation.

APPEAL by the plaintiff, Harry L. Allen, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Steuben on the 20th day of August, 1925, upon the decision of the court rendered after a trial before the court without a jury.

*John Griffin,* for the appellant.

*James O. Sebring,* for the respondent.

HUBBS, P. J. This is an action by the trustee in bankruptcy of the American Railway Brotherhood Association, Inc., to recover from the defendant the balance of an unpaid subscription for stock in said corporation.

After the certificate of incorporation was filed the corporation received subscriptions to its capital stock from various persons

including the defendant. He subscribed for twenty shares of the par value of five dollars each, and paid ten dollars at the time, that being ten per cent of the amount subscribed by him as required by section 53 of the Stock Corporation Law of 1909 (now section 67 of the Stock Corporation Law of 1923, as amended). He agreed to pay the balance at the rate of five dollars per month. Thereafter he paid five dollars to the trustee in bankruptcy; the balance of eighty-five dollars remains unpaid. Demand for payment of said sum was duly made by the trustee. The United States District Court has duly authorized the trustee to bring this action.

This court held in the case of *Granger & Co.* v. *Allen* (214 App. Div. 367; affd., *sub nom. Empire Produce Co.* v. *Allen,* 244 N. Y. 587) that the arrangement entered into by the defendant and others with the corporation was a subscription for stock and not a sale of stock. The learned trial justice dismissed the complaint. It is urged by the respondent that the judgment should be affirmed upon the ground that the agreement entered into constituted a sale of the stock. The agreement provided that the twenty shares of stock should be dated and issued when the payments were completed. It is contended that there can be no recovery in this action because the corporation is bankrupt and a stock certificate cannot be issued, and even if it could be issued that it would be worthless. When the defendant entered into the subscription agreement and paid ten per cent of the par value of the stock subscribed for he became a stockholder, subject to all of a stockholder's liabilities, even though a certificate of stock was never issued to him. (*Kohlmetz* v. *Calkins,* 16 App. Div. 518; *Beals* v. *Buffalo Const. Co.,* 49 id. 589; *Mills* v. *Friedman,* 111 Misc. 253; affd., 194 App. Div. 942; *U. S. Radiator Co.* v. *State,* 208 N. Y. 144; 11 Cornell Law Quarterly, 237.)

The rule which might be applicable if the defendant had purchased shares of stock which had been issued to other parties and thereafter returned to the corporation has no application to the facts in this case. A corporation may enter into an agreement to sell and deliver stock certificates which have previously been issued and returned to it, and which it owns and holds at the time as treasury stock. In such a case a delivery or tender of the certificates may be a condition precedent to a recovery upon a contract to sell. (*Kohlmetz* v. *Calkins,* 16 App. Div. 518; *Mills* v. *Friedman, supra.*) The trustee in bankruptcy had authority to bring and maintain this action upon the stock subscription. The defendant, when he entered into the subscription agreement incurred a debt which could have been enforced by the corporation and may now be enforced by its trustee in bankruptcy. (*Stoddard* v. *Lum,* 159 N. Y. 265; *Reagan*

636  MERCHANTS & SHIPPERS INS. CO. *v.* ST. PAUL F. & M. INS. CO.

First Department, March, 1927.                                        [Vol. 219

v. *Midland Packing Co.*, 8 F. [2d] 954.)   No defense to the action was established and judgment should have been awarded in favor of the plaintiff.

Certain findings of fact and conclusions of law should be disapproved and reversed and new findings made, and judgment should be awarded in favor of the plaintiff for eighty-five dollars, with interest and costs.

All concur.   Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and facts, with costs, certain findings of fact and conclusions of law disapproved and reversed and new findings made and judgment directed for the plaintiff for the relief demanded in the complaint, with costs.