## MARTIN v. CLARKE.
### No. 6351.

Circuit Court of Appeals, Seventh Circuit.
Feb. 16, 1938.

Frank R. Leonard, of Chicago, Ill., for plaintiff-appellee.

Walter H. Eckert, Tom Leeming, and Tim G. Lowry, all of Chicago, Ill., for defendant-appellant.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant appeals from a judgment of the District Court awarding damages to plaintiff as trustee in bankruptcy of a Delaware corporation for failure upon defendant's part to pay the balance due upon a subscription for stock in the bankrupt corporation. It is urged first that the court had no jurisdiction of the suit; second, that defendant, having received no certificate of stock, is not liable under the Delaware Code; third, that the corporation having breached the contract and being unable to comply with its provisions, plaintiff cannot recover.

Plaintiff, being the trustee in bankruptcy of a corporation organized under the laws of Delaware, is, for the purpose of determining the question of jurisdiction, a citizen and resident of that state. The defendant is a resident of the state of Illinois. The amount in controversy is in excess of $3,000. Section 23b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 46(b), provides that suits by trustees for the recovery of money shall be brought or prosecuted only in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted.

The Supreme Court, in Bush v. Elliott, 202 U.S. 477, 26 S.Ct. 668, 50 L.Ed. 1114, has settled the specific question submitted to us. There the court held that where, by reason of the amount involved and the diverse citizenship of the parties, the bankrupt might have sued the defendant in the federal court, independent of the bankruptcy proceedings, under section 23, 11 U.S.C.A. § 46, aforesaid, the right is preserved to the trustee, and the citizenship of the latter is wholly immaterial to the jurisdiction of the court.

Defendant contends, however, that the suit is based upon dealings and transactions of the trustee himself subsequent to the adjudication in bankruptcy, and that the rule announced by the Supreme Court does not apply. True it is that section 23 does not purport to give to the federal court jurisdiction of controversies arising between the trustee and other persons having their origin in events occurring subsequent to the adjudication. McEldowney v. Card, C.C., 193 F. 475. Shaw v. Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768. But the demand here came into existence some years prior to bankruptcy. Defendant's subscription was entered into in 1929. Prior to the institution of bankruptcy proceedings, he paid more than two-thirds of the purchase price of the stock. He failed to pay the balance. The demand for the same was existent at the time bankruptcy intervened and his liability therefor was the property of the bankrupt corporation prior to its adjudication in bankruptcy. The parties' rights were fixed as of that date. Harrigan v. Bergdoll, 270 U.S. 560, 46 S.Ct. 413, 414, 70 L.Ed. 733. The action of the trustee in securing the entry of an order of an assessment upon showing of insolvency of the corporation was only an administrative step and there were reserved to defendant all of his existing defenses. Bush v. Elliott, supra, is decisive of the question of jurisdiction.

The Supreme Court, in Harrigan v. Bergdoll, supra, said: "The nature, the extent, and the condition of the liability of a stockholder on account of stock not fully paid depend primarily upon the law of the state or country by which the corporation was created. Glenn v. Liggett, 135 U.S. 533, 548, 10 S.Ct. 867, 34 L.Ed. 262. Compare Benedict v. Ratner, 268 U.S. 353, 359, 45 S.Ct. 566, 69 L.Ed. 991. That law determines whether the liability is to the corporation or is to creditors. Compare Converse v. Hamilton, 224 U.S. 243, 253, 32 S.Ct. 415, 56 L.Ed. 749, Ann.Cas.1913D, 1292; Selig v. Hamilton, 234 U.S. 652, 658,

34 S.Ct. 926, 58 L.Ed. 1518, Ann.Cas.1917A, 104. If the liability is to the corporation, it passes like other choses in action to the trustee in bankruptcy. The Bankruptcy Law * * * does not modify this right of action against the stockholder or create a new one. It merely provides that the right created by the state law shall pass to the trustee and be enforced by him for the benefit of creditors." Consequently, in view of defendant's contentions, it is imperative to examine the law of Delaware, for, though the subscription contract gives existence to the liability of the defendant, the nature and extent of that liability are determined by this statute. In Cooney Co. v. Arlington Hotel Co., 11 Del.Ch. 286, 101 A. 879, 887, in discussing liability under the Delaware statute, it is held that each stockholder is bound under the laws of that state to pay the sum necessary to complete the amount of par value of each share held by him as fixed by the charter of the company or its certificate of incorporation, or such proportion of that sum as shall be required to satisfy the debts of the company and that the recovery may be had by the receiver of the corporation. The court further held that a Delaware corporation cannot make a subscription contract which will free the subscriber from the statutory liability, for, as was said, that "statute is notice to all who make such contracts and is read into and becomes a part of every stock subscription contract. The fundamental principle is that shares of stock in a corporation are a substitute for the personal liability of partners, and the liability to pay for stock taken up to the par value thereof is a fund for the benefit of creditors of the company, and whoever takes shares of stock of a Delaware corporation assumes that liability for the benefit of creditors in case of insolvency of the company." See, also, Rosoff v. Gilbert, etc., Co., D.C., 221 F. 972; See v. Heppenheimer, 69 N.J.Eq. 36, 61 A. 843; DuPont v. Ball, 11 Del.Ch. 430, 106 A. 39, 7 A.L.R. 955.

■ Consequently, the contractual liability of the defendant, under the statute of the state of Delaware, was one which passed to the trustee in bankruptcy as suggested in Harrigan v. Bergdoll, supra. The trustee, succeeding to all the rights of action of the bankrupt corporation, was endowed with the right to recover the contractual liability of defendant, measured by the statutes of Delaware. As regards creditors, there is no distinction between such a demand by the trustee in bankruptcy and any other assets which form a part of the property and effects of the corporation. The trustee is subrogated to all the rights legal and equitable of the bankrupt. Sanger v. Upton, 91 U.S. 56, at page 62, 23 L. Ed. 220.

■ But it is said that defendant did not receive all of the certificates and that the same have not been tendered him. In discussing this question the District Court of Appeal of California in Reeder v. Finderup, 78 Cal.App. 305, 248 P. 525, 526, used this pertinent language: "Is the failure to deliver or tender the certificate a defense to this action? The defendant pleaded in his answer that the note was given in payment of the balance for the stock under the agreement of the corporation to deliver the 5 shares to him, and that the corporation had been unable to make delivery since June 2, 1924, the date of the adjudication of bankruptcy. * * * The rights of the parties in this suit date from the adjudication of bankruptcy, and, if the consideration was good at that time—a fact that is admitted because not denied—the subsequent failure of consideration is not a defense to a suit by the trustee." In a similar case, In re Hannevig, 2 Cir., 10 F.2d 941, 945 it was said: "It is said that no certificates of stock were ever issued to him. * * * In this country the law is well settled that it is no defense to an action on a subscription to allege that the corporation has not delivered or tendered to the defendant the certificate of stock to which he is entitled."

Defendant relies in this connection upon Allen v. Ryan, 125 Misc. 521, 211 N.Y. S. 405, announcing a contrary conclusion. Unfortunately for the contention, however, the decision mentioned was reversed in the later case of Allen v. Ryan, 219 App.Div. 634, 221 N.Y.S. 77, 78, where the Appellate Division concluded that the defendant was liable. There the court said: "It is contended that there can be no recovery in this action, because the corporation is bankrupt and a stock certificate cannot be issued, and, even if it could be issued, that it would be worthless. When the defendant entered into the subscription agreement and paid 10 per cent. of the par value of the stock subscribed for, he became a stockholder, subject to all of a stockholder's liabilities, even though a certificate of stock was never issued to him. * * * The

trustee in bankruptcy had authority to bring and maintain this action upon the stock subscription. The defendant, when he entered into the subscription agreement, incurred a debt which could have been enforced by the corporation, and may now be enforced by its trustee in bankruptcy. Stoddard v. Lum, 159 N.Y. 265, 53 N.E. 1108, 45 L.R.A. 551, 70 Am.St.Rep. 541; Reagan v. Midland Packing Co., 8 Cir., 8 F.2d 954. No defense to the action was established, and judgment should have been awarded in favor of the plaintiff." Likewise, in Shiffer v. Akenbrook, 75 Ind.App. 149, 130 N.E. 241, the court held that to constitute the subscribers stockholders it was not necessary that certificates of stock should have been issued to them and that in an action to recover upon the subscription to enforce liability existing under the Indiana law, it is not necessary for the plaintiff to allege or prove that the certificates have been tendered to the subscribers before the commencement of the action. The reasoning of these cases, with which we agree, is that the liability of the subscriber, though based upon contract, is a statutory one for the benefit of the creditors and where insolvency or bankruptcy intervenes, the futility of issuance of the proper certificates avoids any necessity of delivery or tender thereof.

Defendant contends also that the fact that the corporation allotted and sold thirty of the shares subscribed for by him to other persons makes performance impossible by the plaintiff and, therefore, excuses him from performance on his part. Ordinarily, in case of indivisible contracts, the inability of the plaintiff to perform is a valid defense, but the liability here is a peculiar one. Though it arises out of a contract, it is measured and governed by the statutory law of Delaware which, according to the courts of that state, looks upon all subscriptions as trust funds for the benefit of creditors. In such a situation the fact that the debtor is not called upon to accept or pay for all of his subscription, it seems to us, is no defense. Rather the allotment to others is a relief to him and a benefit which he enjoys to the extent that it releases him from a proportionate share of his subscription. He should not complain as to a boon received. Furthermore, it seems to us that his contention supports merely a claim of partial failure of consideration; the consideration has failed as to the stock which has been allotted to others. As said in Reeder v. Finderup, supra, the partial failure of consideration is no defense to a suit by the trustee for the balance clearly due upon shares for which he has subscribed and which have not been sold to others. The judgment is affirmed.