McAdam, Ch. J.
The defendant was one of the incorporators of the American Opera Company. He subscribed for fifty shares of its capital stock at $100 per share, for which he signed the subscription list, but never paid in the sum subscribed. The plaintiff sues the defendant as a stockholder in the company, under section 37 of the act (1875, chap. 611), which makes stockholders severally liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them *77 respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company has been paid in, and a certificate thereof duly made and recorded.
The defendant claims that an incorporator and subscriber who has paid nothing, can not be deemed a stockscriber even as to creditors, because section 5 of the act provides that “ no subscription (to the capital stock) shall be received, unless at the time of making it, the person so subscribing shall pay (to said commissioners) the ten per cent, of the par value of,the stock subscribed for in cash.” This is a clear prohibition which the commissioners have no power to evade, and a subscription taken in violation of it, cannot be enforced by the corporation (Excelsior Grain Binder Co. v. Stayner, 25 Hun, 91). The subscription and the payment of the ten per cent, must both concur to satisfy the requirements of the statute. There are cases holding that as to a creditor of the corporation, the failure to pay the necessary percentage at the time of subscription furnishes the subscriber with no defense, on the principle that no man will be permitted to take advantage of his own wrong (Vicksburg S. & F. R. R. Co. v. McKean, 12 La. Ann. 638; Henry v. Vermillion & A. R. R. Co., 17 Ohio Rep. 187).
But our supreme court, in the Excelsior Grain Binder Co. v. Stayner (supra), has questioned the accuracy of these decisions, saying the point involved was disposed of as a subject meriting very little attention.
Besides, the court of appeals has held, that the liability of the stockholder rests on his contract with the corporation, and that the creditor is simply subrogated to the claim of the corporation against the debtor, in case he avails himself of his right under the statute to pursue the stockholder as such debtor to the corporation; that the creditor thus claims through the corporation, and succeeds only to such rights as it has against the delinquent subscriber (Stephens v. Fox, 83 N. Y. 313, 316, 317). The corporation had no right of action against the delinquent in this case, on ac *78 count of the invalidity of the subscription, it being malum prohibitum. In view of the strong intimation made by the supreme court and court of appeals before referred to, and' the rule that a contract, which is expressly within the prohibiten of a statute, is void (Barton v. Port Jackson & U. F. P. R. Co., 17 Barb. 397), and of the fact that a void thing is no thing, it'seems illogical to declare the subscrip- ‘ tion void as to the company, and valid as to its creditors, not existing as to the corporation, but existing as to creditors.
Section 37 of the act defines who are to be deemed stockholders within the meaning of its provisions, and the case of a subscriber who has not paid the required ten per cent., and whose name does not appear on the books as a stockholder, is not in the category. The definition given by section 37 of this act, is in harmony with the provisions of section 5 of the same law, and both sections construed together harmonize with the principle established by the New York cases, that to become a subscriber within the meaning of the act of 1875 (chap. 611), the ten per cent, must accompany the subscription.
These views do not conflict with those expressed in Lake Ontario, A. & N. Y. R. R. Co. v. Mason (16 N. Y. 451), as the statute relied on in that case was complied with according to its true meaning as interpreted by the court.
But for the prohibition contained in section 5, the defendant might have been held as a stockholder, under the decisions in Burr v. Wilcox, 22 N. Y. 551; Wheeler v. Millar, 90 Id. 353, and kindred cases cited by the plaintiff; but none of them strike the controlling feature in this case —the fact that the statute makes the subscription void, and there is no power either in the creditors or in the court to give it life.
The case of Ruggles v. Brock (6 Hun, 164) is also inapplicable. The subscriber pleaded fraud by officers of the corporation, and the receiver, as the representative of the creditors, was allowed to recover. The fraud by the cor *79 poration, did not make the subscription void, but voidable only at the option of the defrauded party ; and as the fraud charged was no defense to the creditors, the subscriber was held liable. Neither this nor any other case in this State conflicts with the legal proposition that, where the statute in effect declares a subscription, nnaccompained by ten per cent, void, it is without any binding validity whatever, either as to the-corporation or its creditors.
For these reasons the demurrer will be sustained, with costs.