---

### MYERS et al. v. STURGES et al.

(Supreme Court, Appellate Division, First Department. January 24, 1908.)

**1. CORPORATIONS—SUBSCRIPTIONS TO STOCK—ASSESSMENTS.**

Prima facie, subscribers to the stock of a corporation are not bound to pay assessments on their stock unless the whole capital has been subscribed for; but the implied condition may be waived by a payment of an assessment without objection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 219–231.]

**2. SAME—ACTIONS ON SUBSCRIPTIONS.**

In an action by receivers of a corporation against subscribers to stock to recover unpaid assessments, the defense that all the stock has not been subscribed for cannot be taken by demurrer.

**3. SAME.**

In an action by receivers of a corporation against subscribers to stock to recover unpaid assessments, the complaint need not allege that all the stock has been subscribed for.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 406–408.]

**4. SAME—LIABILITY OF SUBSCRIBERS TO STOCK FOR CORPORATE DEBTS.**

Subscribers to the capital stock of a corporation are liable for debts incurred in the process of organization or in preparing to begin business, whether the capital has all been subscribed for or not.

**5. SAME—REDUCTION OF STOCK.**

In an action by receivers of a corporation to recover unpaid assessments on subscribers to stock, it is no defense that the capital stock was reduced, where the laws of the state under which the corporation was organized authorized such reduction.

Ingraham, J., dissenting.

Appeal from Special Term.

Action by Charles M. Myers and another, as receivers of the Telephone, Telegraph & Cable Company of America, against Frank K. Sturges and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Affirmed, with leave to withdraw the demurrer and answer.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Frank E. Blackwell, for appellants.
Lucius L. Gilbert, for appellees.

SCOTT, J. The defendants appeal from an interlocutory judgment overruling their demurrer to the complaint.

The action is to recover two assessments levied on the stockholders of the Telephone, Telegraph & Cable Company of America, a New Jersey corporation. The plaintiffs sue as receivers of the company, alleging their appointment both in New Jersey and in this state. The

company was incorporated in 1899 with an authorized capital stock of $30,000,000, divided into 600,000 shares of the par value of $50 each. Of this stock 499,970 shares were offered for subscription, and defendants subscribed for 1,000 shares. The terms of subscription requires the payment of 5 per cent. of the par value of shares subscribed for, being $2.50 per share upon subscription, and a further 5 per cent. on February 1, 1900. The subscribers also agreed to pay the balance of the par value of the stock subscribed for as and when called upon so to do by the board of directors. Certificates of stock were to be issued to the subscribers when the first two payments, aggregating $5 per share, had been paid, and thereafter the subscribers were to be liable to pay assessments only upon such shares as should stand on record in their names when the assessment or call was made. The defendants paid 5 per cent. upon subscription, and 5 per cent. on or about February 1, 1900, and received what was termed a "temporary" certificate of stock; the permanent certificates not being then ready for delivery. The temporary certificate recited upon its face that:

"The holder of this certificate accepts the same subject to liability for the payment upon said shares of all installments not noted as paid upon the face or reverse of this certificate which shall be called by the board of directors prior to the transfer of this certificate upon the books."

On March 1, 1900, and again on June 12, 1900, the board of directors levied an assessment of $2.50 per share, both of which the defendants paid. On November 27, 1900, the directors levied an assessment of 10 per cent. or $5 per share, of which due notice was given to defendants, but which they have refused to pay, and to recover which this action is brought. In March, 1901, pursuant to a certain statute of the state of New Jersey, properly pleaded, the capital stock was, as the complaint avers, "duly" reduced to $9,000,000; said decrease being effected by reducing the par value of the shares of stock to $15 per share. It is alleged that the company is insolvent and unable to pay its debts, and that the payment of the subscription assessment herein sued for is necessary to help discharge said debts. To support their demurrer for insufficiency the defendants chiefly rely upon the lack of an allegation in the complaint that all the stock offered for subscription was subscribed for.

It has long been the rule in this state, as in many others, that, prima facie, subscribers to the stock of a corporation are not bound to pay assessments upon their stock, unless the whole capital of the company has been subscribed for. Bray v. Farwell, 81 N. Y. 600. In that case the question arose not upon demurrer to the complaint, but after answer and a trial, and while the doctrine upon which it was decided is well settled, it is equally well settled that a subscriber may, in various ways, waive the implied condition attached to his subscription that he shall be liable to calls only when all the stock has been subscribed for, and among the acts generally considered as such a waiver is the payment of prior assessments without objection. Under the plan of organization outlined in the complaint, the defendants became in the first instance subscribers for the stock, and afterwards, when 10

per cent. of the par value had been paid upon each share of the stock, they became stockholders. Both by their original subscription and by the acceptance of the certificate of stock, they unconditionally agreed to pay such assessments as might thereafter be levied, and, after they became stockholders, they did in fact pay two assessments levied by the board of directors. By these acts they prima facie estopped themselves from afterwards objecting that the whole amount of stock offered had not been subscribed for, and that objection, if available and not waived, should be taken by answer, and not by demurrer, since the complete subscription to all the stock offered is not a condition precedent without which the defendants' subscription is void, although a lack of a total subscription may afford a sufficient reason why the defendants may avoid their liability if they elect to do so. Hence the current of authority is that a complaint for an unpaid assessment need not allege that all the stock has been subscribed for, or anticipate the possible defense that it has not been subscribed for. Lail v. Mt. Sterling Coal Co., 76 Ky. 32; Duluth Investment Co. v. Witt, 63 Minn. 538, 65 N. W. 956.

It is also objected that the company was not authorized to commence business and incur debts until all of its capital stock had been subscribed for. Bray v. Farwell, supra. It is true that the complaint alleged that the company has incurred debts; but it is not distinctly alleged that it has commenced business or that the debts were incurred in the prosecution of its business. It may be that the debts, or some part of them, were incurred in the process of organization or in preparing to begin business. For such debts those who actually subscribed would be liable, even if the whole capital had not been subscribed for. Salem Mill Dam Corp. v. Ropes, 6 Pick. (Mass.) 23. The action is brought directly upon the agreement to pay assessments embodied in the terms of subscription. It is therefore one for a debt alleged to be due to the corporation, and sought to be collected by its receivers. It is not an action to enforce a stockholders' liability under any statute peculiar to the state of New Jersey, nor is it an action to enforce contribution for the benefit of creditors. The objection that the capital stock was reduced and that the defendants' agreement to pay assessments was thereby released is untenable. The defendants knew when they subscribed that the company was a New Jersey corporation to be governed by the laws of that state, and the complaint pleads a statute of New Jersey authorizing, under certain conditions, a reduction of the capital stock, which as it is alleged was in this case "duly" effected. When the defendants subscribed for and accepted stock in the company, they must be deemed to have done so subject to the possibility of a reduction according to the law prevailing in the state of the company's incorporation. If for any reason the reduction was not legally accomplished, that objection is a matter of defense, and should be taken by answer.

It follows that the judgment must be affirmed, with costs, with leave to defendants to withdraw the demurrer and answer within 20 days upon payment of the costs in this court and in the court below. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting).   I think the reduction of the capital stock by the corporation whose rights the plaintiffs seek to enforce so changed the conditions that the defendants were relieved from their obligation to pay the remainder of their subscription for the capital stock of the company.   What the defendants agreed to do was to subscribe for a certain number of shares of stock in a corporation with $30,000,000 capital, and their subscription was dependent upon that amount of stock being subscribed for.   With that amount of capital, the corporation could profitably transact business, when a corporation with only $9,000,000 of capital might be seriously hampered by a lack of sufficient working capital.   There are many reasons why a subscriber to the stock of a corporation might be willing to become a stockholder in case the company had ample capital, when he would be unwilling to become such a stockholder if the amount of capital to be. subscribed would not be sufficient for the business of the company.   There was, therefore, a material change in the conditions brought about by the corporation itself, without the consent of the defendants; and this, I think, relieved them from liability upon their subscription.