VAN SCHAICK v. MACKIN.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. INSURANCE (§ 32*)—INSURANCE COMPANIES—INCORPORATION—STOCK SUBSCRIPTIONS.

Insurance Law, § 110 (Laws 1892, p. 1974, c. 690), provides for the incorporation of insurance companies, but does not require that the charter shall embody or be accompanied by any subscription to the capital stock, stock subscriptions being regulated by section 112 (page 1975), which declares that on the filing of the required declaration, a copy of the charter and proof of publication of the notice of intention to form the corporation, it may open subscription books and keep them open until the charter capital is subscribed. Held, that the incorporators become a

corporation before ·stock subscriptions are invited, and hence such subscriptions are invalid unless 10 per cent. is paid in cash at the time of the subscription, as required by Stock Corporation Law, § 41 (Laws 1892, p. 1835, c. 688).

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 37; Dec. Dig. § 32.*]

2. CORPORATIONS (§ 567*)—RECEIVER—UNPAID STOCK SUBSCRIPTIONS—RIGHT TO SET-OFF.

Since by 2 Rev. St. c. 8, pt. 3, tit. 4, § 69, which is made applicable by Laws 1880, p. 368, c. 345, to a receiver appointed in proceedings for the voluntary dissolution of a corporation, as authorized by Code Civ. Proc. § 2429, a receiver is required to sue for unpaid stock subscriptions unless the subscriber is insolvent, a receiver of an insurance company in process of dissolution when sued on a claim against the corporation may plead as a set-off an alleged liability of the plaintiff to the corporation for unpaid subscriptions.   °

[Ed. Note.—For other cases, see Corporations, Cent Dig. § 2287; Dec. Dig. § 567.*]

3. CORPORATIONS (§ 76*)—STOCK SUBSCRIPTIONS—AGREEMENT TO SUBSCRIBE.

Plaintiff agreed to subscribe for stock in an insurance company to be formed, and gave his check for 10 per cent. of the subscription price, payable to the corporation's order, agreeing to pay the remaining 90 per cent. when the capital was fully subscribed, and should be called for by the board of directors. The check was never collected, nor was the subscription ever consummated. *Held* a mere agreement to subscribe, which was not enforceable as a subscription.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 211; Dec. Dig. § 76.*]

Appeal from Special Term.

Action by Eugene Van Schaick against John J. Mackin, receiver of Real Estate Owners' Fire Insurance Company. From an interlocutory judgment overruling a demurrer to a counterclaim, plaintiff appeals. Reversed and demurrer sustained, with leave to amend.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Eugene Van Schaick, for appellant.

Warren Leslie (George H. Francoeur, on the brief), for respondent.

LAUGHLIN, J. The plaintiff is an attorney and counselor at law, and brings this action to recover for professional services rendered to the Real Estate Owners' Fire Insurance Company. After the commencement of the action, a receiver was appointed for the company, and he was duly substituted as defendant. The circumstances under which the receiver was appointed are not revealed by the record now before the court, nor does it appear that the company was insolvent. The demurrer is upon the ground that the alleged defense and counterclaim to which it is interposed is insufficient at law upon the face thereof, and that the counterclaim does not state facts sufficient to constitute a cause of action. Under the heading, "for a separate and further defense and by way of counterclaim," the defendant pleads his appointment as receiver, his substitution as defendant, that the corporation was a domestic corporation organized on the 6th day of September, 1905, and further alleges that the plaintiff together with other persons,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes .

on or about the date the corporation was organized, became a subscriber to the capital stock of the company by executing a subscription agreement which is set forth, and shows, among other things, that he subscribed for 2,000 shares of the par value of $10 each at $15 a share and inclosed with his subscription his check for 10 per cent. of the subscription price, payable to the order of the company, and agreed to pay the remaining 90 per cent. "whenever the capital has been fully subscribed and the same is called for by the board of directors," and that his subscription immediately upon the organization of the company was duly transferred to it. It is further alleged that the plaintiff failed to pay the original 10 per cent. for which he gave his check, aggregating the sum of $3,000, and that on or about the 1st day of May, 1906, the board of directors duly adopted a resolution requiring him to pay the balance of his subscription, aggregating $27,000, on the 1st day of June, 1906, and that he has also defaulted in that payment. Judgment is demanded on the denials of the rendition of the services, for a dismissal of the complaint, and for $30,000 on the counterclaim.

The subscription agreement of the plaintiff shows that the corporation for the capital stock of which he subscribed was "to be organized under the laws of the state of New York." From this and the other allegations to which reference has been made the fair inference is that the plaintiff was one of the incorporators and original subscribers to the capital stock of the company. The point is taken that the subscription agreement was void on account of the fact that 10 per cent. thereof was not paid in cash. This objection is based on section 41 of the stock corporation law (Laws 1892, p. 1835, c. 688), which provides as follows:

"Sec. 41. If the whole capital stock shall not have been subscribed at the time of filing the certificate of incorporation, the directors named in the certificate may open books of subscription to fill up the capital stock in such places. and after giving such notices as they may deem expedient, and may continue to receive subscriptions until the whole capital stock is subscribed. At the time of subscribing, every subscriber, whose subscription is payable in money, shall pay to the directors ten per centum upon the amount subscribed by him in cash, and no such subscription shall be received or taken without such payment."

The decisions construing this statute and the statutes from which it has been taken are not in harmony. They are in accord to the effect that a subscription after incorporation is void, unless the 10 per cent. is paid in cash (Black River & Utica R. R. Co. v. Clarke, 25 N. Y. 208; New York & O. M. R. R. Co. v. Van Horn, 57 N. Y. 473), but with respect to original subscriptions prior to the incorporation some of the authorities hold that they too are void unless the 10 per cent. be paid in cash (see Excelsior G. B. Co. v. Stayner, 25 Hun, 91; Perry v. Hoadley, 19 Abb. N. C. 76), and others hold that such subscriptions become valid and binding upon acceptance by the company, even though the 10 per cent. were not paid (Lake Ontario, etc., R. R. Co. v. Mason, 16 N. Y. 451, 458; Phœnix Warehousing Co. v. Badger, 67 N. Y. 294; Beattys v. Town of Solon, 64 Hun, 120, 19 N. Y. Supp. 39; United Growers Co. v. Eisner, 22 App. Div. 1, 47 N. Y. Supp. 906; South Buffalo Natural Gas Co. v. Bain, 9 Misc. Rep. 425,

30 N. Y. Supp. 264). There is some difficulty in deciding which of these authorities should be deemed controlling with respect to plaintiff's subscription to the capital stock of this company.

It is alleged that the company was organized under the laws of the state of New York, and, although we have no fact with respect to the nature of its business excepting as its corporate title indicates, we think it is fairly to be inferred that it was organized as a stock insurance corporation under the insurance law. The law with respect to the incorporation of such companies differs radically from that with respect to the organization of most other stock corporations, in that it does not provide for the filing of a certificate of incorporation containing subscription to the capital stock, and makes provision for opening the books for subscriptions to capital stock only after certain other preliminary steps have been taken. Section 110 of the insurance law (Laws 1892, p. 1974, c. 690) provides in effect, so far as material to the question under review, that 13 or more persons may become a fire insurance corporation by filing in the office of the superintendent of insurance a declaration, as therein provided, which requires, among other things, a copy of the charter which they propose to adopt, and that the amount of capital stock to be employed in the business be stated, but does not require that it shall embody. or be accompanied by any subscription to the capital stock, and it is further provided that such declaration shall only be filed after publication, as therein prescribed, of notice of intention to form the corporation. Subscriptions to the capital stock are regulated by section 112, which provides that upon filing the declaration, a copy charter and proof of publication of notice of intention to form the corporation, "such corporation, if a stock corporation, may open books for subscriptions to its capital stock and keep the same open until the full amount specified in the charter is subscribed." The effect of these provisions is, I think, that the incorporators become a corporation before subscriptions to the capital stock are invited, and, if so, it would seem quite clear that the subscriptions would fall within the provisions of section 41 of the stock corporation law, and would be void if the 10 per cent. were not paid. Although a check was given in payment of 10 per cent. of plaintiff's subscription in the case at bar, it appears that it was never paid, for the defendant seeks to counterclaim, not only the remaining 90 per cent. of the subscription, but the 10 per cent. for which the check was given as well. No facts tending to show a ratification of the subscription by plaintiff are pleaded. If the facts pleaded showed a valid subscription, the receiver would be authorized to interpose the counterclaim; for, by virtue of section 69, tit. 4, c. 8, pt. 3 (1st Ed.) 2 Rev. St., which is made applicable by the provisions of chapter 245, Laws 1880 (page 368, 1 Sess. Laws 1880), to a receiver appointed in proceedings for the voluntary dissolution of a corporation under section 2429 of the Code of Civil Procedure, the receiver is authorized and directed to bring an action to recover on any unpaid subscriptions to the capital stock, unless the subscriber be insolvent. The counterclaim, however, cannot be sustained for the reason that the facts do not show that the plaintiff's subscription was

valid and enforceable. In form the subscription is an attempted subscription to a corporation to be formed. At most it could only be construed as an agreement to subscribe. It does not even appear that plaintiff was one of the incorporators. A mere agreement to subscribe is not enforceable as a subscription. General Electric Co. v. Wightman, 3 App. Div. 118, 39 N. Y. Supp. 420.

It follows, therefore, that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the receiver to amend upon payment of costs of this appeal and of the demurrer. All concur.