WILLIAM P. JEFFERY, as Trustee in Bankruptcy of the ALL-STAR FEATURE CORPORATION, Respondent, *v.* ARCHIBALD SELWYN, Appellant.

Stock corporations — liability on stock subscription — action by trustee of bankrupt corporation to recover from subscriber the value of stock subscribed for — failure of subscriber to pay initial ten per cent of subscription — authority of trustee to bring action cannot be attacked collaterally.

1. Where it appears, in an action brought by the trustee of a bankrupt corporation to recover the total amount unpaid on a subscription to the stock of the corporation, that defendant subscribed for a specific number of shares but paid for only two of them, that he had received dividends on the stock and was a director and vice-president of the corporation up to the time he sold the stock for a substantial price, a sound public policy and the plain rules of good faith dictate that such defendant cannot avoid his liability on his subscription upon the ground that he had not paid ten per cent of the amount of his subscription as required by the Stock Corporation Law (Cons. Laws, ch. 59, § 53).

2. The action having been authorized by an order of the United States District Court, it is not a valid objection that the complaint does not show on its face that it is necessary to collect the full amount of defendant's stock subscription in order to pay creditors of the corporation. The defendant being primarily liable on his contract for the full amount he agreed to pay, and the Bankruptcy Court having directed the trustee to issue a call or demand therefor, the propriety or validity of this order of a court of competent jurisdiction cannot be questioned collaterally. The presumption is that the necessary determination has been made that the entire amount unpaid is required to pay the debts of the corporation. If this presumption is overcome, recovery will be limited to the necessary sum, or the Bankruptcy Court will see that no wrong is done. (*Scovill* v. *Thayer*, 105 U. S. 143, distinguished.)

*Jeffery* v. *Selwyn*, 173 App. Div. 217, affirmed.

(Argued January 9, 1917; decided February 6, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 2, 1916, which affirmed an

order of Special Term granting a motion by plaintiff for judgment on the pleadings.

The following question was certified : " Does the complaint state facts sufficient to constitute a cause of action ?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Melville H. Cane* for appellant.    The complaint is fatally defective in that it fails to allege the making of an assessment showing the right and need of the trustee to sue for the entire $10,000. (*Scovill* v. *Thayer*, 105 U. S. 143; *Southworth* v. *Morgan*, 205 N. Y. 293; *Stevens* v. *Ep. C. H. Co.*, 140 App. Div. 570, 582; *Rathbone* v. *Ayer*, 84 App. Div. 186; *Kiscadden* v. *Steinler*, 203 Fed. Rep. 375, 381; *Rosoff* v. *Gilbert Trans. Co.*, 204 Fed. Rep. 349; 221 Fed. Rep. 972; *Matter of Crystal Bottling Co.*, 96 Fed. Rep. 945; *Hunt* v. *Sharkey*, 31 Am. Bank. Rep. 894; *Matter of Newfoundland Syndicate*, 28 Am. Bank. Rep. 119; *Chandler* v. *Keith*, 42 Iowa, 99; *Simmons* v. *Taylor*, 106 Tenn. 729; *Cumberland, etc., Co.* v. *Clinton H. L. M. Co.*, 57 N. J. Eq. 627; Black on Bankruptcy, 363; Remington on Bankruptcy, § 977.)    Defendant's failure to pay ten per cent in cash on his subscription made the transaction void *ab initio*. (Cons. Laws, ch. 59, § 53; *Excelsior G. B. Co.* v. *Stayner*, 25 Hun, 91; *Hapgoods* v. *Lusch*, 123 App. Div. 23; *Van Schaick* v. *Mackin*, 129 App. Div. 335; *Sanders* v. *Proctor*, 172 App. Div. 713; *United Growers Co.* v. *Eisner*, 22 App. Div. 1; *May* v. *Charlouis*, 128 App. Div. 127; 195 N. Y. 607; *Poe* v. *Napier*, 12 Ga. 182; *Hibernia Turnpike Co.* v. *Henderson*, 8 S. & R. 217.)    Respondent's claim that appellant is estopped from asserting that the subscription was void *ab initio* is untenable. (*New York* v. *Van Horn*, 57 N. Y. 473; *Scovill* v. *Thayer*, 105 U. S. 143; *Railroad Co.* v. *Sneed*, 99 Tenn. 1.)

*John L. Lockwood* for respondent. The relation between the defendant and the corporation was such as to create an obligation for the amount unpaid upon the stock in favor of creditors. (*Lamphear* v. *Lang,* 157 App. Div. 306; *Chubb* v. *Upton,* 95 U. S. 665; *Sanger* v. *Upton,* 91 U. S. 56; *Dayton* v. *Borst,* 31 N. Y. 435; *Clevenger* v. *Moore,* 71 N. J. L. 148; *A. S. Sanitorium* v. *Kellogg,* 125 App. Div. 51; 194 N. Y. 567; *Handley* v. *Stutz,* 139 U. S. 417; *Sawyer* v. *Hoag,* 17 Wall. 620; *Scovill* v. *Thayer,* 105 U. S. 143.) The amended complaint sets forth an order of the Bankruptcy Court, duly made, requiring the defendant to pay the amount due upon his subscription. Such an order is an assessment and cannot be collaterally attacked in this action. (*Sanger* v. *Upton,* 91 U. S. 56; *Kennedy* v. *Gibson,* 8 Wall. 505; *Pullman* v. *Upton,* 96 U. S. 328; *G. W. Tel. Co.* v. *Purdy,* 162 U. S. 329; *Babbitt* v. *Reed,* 173 Fed. Rep. 712; *Clevenger* v. *Moore,* 71 N. J. L. 148; *Rathbone* v. *Ayer,* 84 App. Div. 186; *Stevens* v. *E. C. History Co.,* 140 App. Div. 570; *Matter of C. S. Bottling Co.,* 96 Fed. Rep. 945; *Rosoff* v. *Gilbert Transp. Co.,* 204 Fed. Rep. 349; *Cumberland Lumber Co.* v. *C. H. Lumber Co.,* 57 N. J. Eq. 627.) Section 53 of the Stock Corporation Law forbids only the enforcement of executory contracts of subscription. It has never been held to prevent the enforcement of an executed subscription contract. (*O., etc., R. Co.* v. *Wooley,* 1 Keyes, 118; *B. & J. R. Co.* v. *Gifford,* 87 N. Y. 294; *Wheeler* v. *Miller,* 90 N. Y. 353; *Perry* v. *Hoadly,* 17 Abb. N. C. 76; *E. G. Binder Co.* v. *Stayner,* 25 Hun, 91; *Syracuse R. Co.* v. *Gere,* 4 Hun, 392; *Buffalo Nat. Gas Co.* v. *Bain,* 9 Misc. Rep. 425; *General El. Co.* v. *Wightman,* 3 App. Div. 118; *Yonkers Gazette Co.* v. *Taylor,* 30 App. Div. 334; *Van Schaick* v. *Mackin,* 129 App. Div. 335.) The defendant is estopped to deny the validity of any agreement by which he took and contracted to pay for his stock. (*Scovill* v.

*Thayer,* 105 U. S. 143; *Sawyer* v. *Hoag,* 17 Wall. 610;
*Upton* v. *Englehart,* 28 Fed. Cas. 835; *Doubleday* v.
*Muskelt,* 7 Bing. 110; *Eaton* v. *Aspinwall,* 19 N. Y.
119; *Abbott* v. *Aspinwall,* 26 Barb. 202; *Aspinwall* v.
*Sacchi,* 57 N. Y. 331; *Ruggles* v. *Brock,* 6 Hun, 16ᴬ;
*Veeder* v. *Mudgett,* 95 N. Y. 295; *Henry* v. *V. & A. R.
R. Co.,* 17 Ohio, 187; *V. S. & T. Co.* v. *McKean,* 12 La.
Ann. 638; *E. & W. P. R. Co.* v. *Brown,* 25 Penn. St.
156.)

POUND, J. The action was brought by the plaintiff, as
trustee of a bankrupt corporation, to recover the sum of
ten thousand dollars, being the total amount unpaid on
defendant's subscription to one hundred shares of the
stock in the bankrupt company.

The complaint alleges the bankruptcy of the All-Star
Feature Corporation on February 16, 1915; the subse-
quent appointment of the plaintiff as trustee; the incor-
poration of the bankrupt on or about the 30th day of
June, 1913; the first meeting of incorporators, including
the defendant, on July 9, 1913, and on the same day the
making of an agreement between the defendant and the
corporation, by which the corporation agreed to issue to
the defendant 102 shares of its capital stock for the sum
of $10,200.

The complaint further alleges that certificates for 102
shares were then delivered to the defendant, who con-
tinued to be a stockholder until December 21, 1914; that
the defendant paid on account of said subscription only
$200 which was "accepted by said All-Star Feature Cor-
poration as payment in full for two shares only of
said 102 shares;" that between the 9th day of July, 1913,
and the 21st day of December, 1914, the defendant was a
director and vice-president of the corporation and acted
as such; that during said period the defendant received
dividends on the 102 shares of stock in question, and on
or about December 21, 1914, sold his stock for $3,500.

The complaint finally alleges the insolvency of the corporation; that there has not come into the hands of the plaintiff assets and property sufficient to pay its debts as proved and allowed; that the plaintiff obtained an order from the United States District Court authorizing him, as trustee, to issue a call on defendant for such sum as might be due on his subscription; that plaintiff then issued a call on defendant for $10,000, which is the amount sued for.

The defendant demurred to the amended complaint on the ground that it failed to state facts sufficient to consti- tute a cause of action, and contended that the complaint was fatally defective because it did not allege that the defendant had paid 10% of the amount of his subscription (Stock Corporation Law, section 53), and also because it did not allege facts showing that the amount of liabili- ties over assets made it necessary to collect $10,000 or any other sum.

The courts below have granted judgment on the plead- ings in favor of plaintiff, but the Appellate Division, first department, has granted leave to the defendant to have this court consider the question whether the complaint states a cause of action.

Section 53 of the Stock Corporation Law (L. 1909, ch. 61; Cons. Laws, ch. 59) provides:

"§ 53. *Subscriptions to Stock.* — If the whole capital stock shall not have been subscribed at the time of filing the certificate of incorporation, the directors named in the certificate may open books of subscription to fill up the capital stock in such places and after giving such notices as they may deem expedient, and may continue to receive subscriptions until the whole capital stock is sub- scribed. At the time of subscribing, every subscriber, whose subscription is payable in money, shall pay to the directors ten per centum upon the amount subscribed by him in cash, and no such subscription shall be received or taken without such payment."

6

Defendant's contention is that the terms of the statute are explicit and exclusive; that no other contract of subscription is valid; that if the requisite payment is not made the subscription is not binding upon the subscriber; that the statute cannot be evaded by estoppel or waiver or ratification and that, therefore, the subscription of the defendant to the stock of the bankrupt corporation cannot be enforced.

If it were not for the provisions of the statute the question of defendant's liability on his subscription would present no difficulty. A stock subscription on credit is at common law enough to pass title to the stock and make the subscriber a stockholder when, as in this case, he has acted as such and been recognized as such by the corporation. (*Wheeler* v. *Miller*, 90 N. Y. 353.) "There is no difference between a contract to take shares and any other contract." (CHITTY, J., in *Nicol's Case*, L. R. [29 Ch. Div.] 421, 426.) The defense interposed is technical, but it has found recognition in the courts of this state where nothing but the bare fact of a subscription, without the equivalent of a cash payment, is shown and the corporation seeks to enforce the subscription. (*N. Y. & O. M. R. R. Co.* v. *Van Horn*, 57 N. Y. 473; *Hapgoods* v. *Lusch*, 123 App. Div. 23; *Van Schaick* v. *Mackin*, 129 App. Div. 335; *Sanders* v. *Proctor*, 172 App. Div. 713.)

Subscriptions not accompanied by immediate cash payments have not, however, been held void. A subsequent payment will suffice, even though it is made through the medium of services rendered the corporation. (*Beach* v. *Smith*, 30 N. Y. 116.) The statute does not prohibit or forbid any other mode of subscription, and this court said in *Buffalo & J. R. R. Co.* v. *Gifford* (87 N. Y. 294, 300) that "We are inclined to the opinion that it was not intended by this section to prescribe a fixed statutory mode of making a subscription, and that any contract of subscription good and valid at common law is still valid, notwithstanding this section." On the other hand, it has been

said (*Van Schaick* v. *Mackin,* 129 App. Div. 335, 337) that the subscription is *void* unless the ten per centum is paid in cash.

Carefully distinguishing things said from things decided, the conclusion that the subscription, if invalid for want of such payment, may become enforceable not only by a subsequent cash payment but by a course of dealing between corporation and stockholder, is entirely reasonable and consistent with the reported cases. To justify a conclusion that defendant was not a stockholder although he had taken the stock and agreed to pay for it, acted as a director of the corporation, received dividends and sold the stock, we must resort to legal subtleties rather than to natural inferences, and it would clash with our established ideas of equity if one in prosperity thus dealt with by the corporation as a stockholder should in bankruptcy be able to escape liability on the ground that a statutory provision, useful, if for any purpose, to provide a fund for creditors and to prevent fictitious subscriptions, had not been complied with. On similar facts liability under a similar statute has been enforced in Pennsylvania. (*E. & W. Plank Road Co.* v. *Brown,* 25 Penn. St. 156; *Boyd* v. *Peach Bottom R. Co.,* 90 Penn. St. 169.) The required statutory payment is one form of establishing the relationship, and it may be the only sufficient form, except when the stockholder has received the full benefit of the contract and a legal wrong would be accomplished if he were permitted to plead non-compliance with the statute. The doctrine of estoppel is not available to sustain this theory of liability for the reason that both sides were aware of all the facts. (*Shapley* v. *Abbott,* 42 N. Y. 443.) It is upheld rather by analogy upon the principle that defeats the defense of *ultra vires* when interposed to an action against a corporation in cases where, if that defense were to prevail, it would work injustice and accomplish a legal wrong (*Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62; *First Nat. Bank* v. *Cornell,* 8 App. Div.

427), or that forbids a stockholder of a corporation *de facto* to raise the objection that its organization is not strictly *de jure*. (*Buffalo & A. R. R. Co.* v. *Cary*, 26 N. Y. 75.) For want of a more definite classification of the grounds of liability we may say that a sound public policy and the plain rules of good faith dictate that defendant should not escape liability on the facts pleaded. On authority, the proposition is inapplicable to bare subscriptions, but that is not the question before us.

The second ground of objection to the complaint is not tenable. It is urged that the complaint does not show on its face that it is necessary to collect the full amount of defendant's stock subscription in order to pay creditors of the corporation. This action is brought on the subscription agreement in the right of the corporation by the trustee in bankruptcy. (*Myers* v. *Sturgis*, 123 App. Div. 470; affd., 197 N. Y. 526.) The stockholder is primarily liable on his contract for the full amount he agreed to pay, and, as the Bankruptcy Court has directed the trustee to issue a call or demand therefor, the propriety or validity of this order of a court of competent jurisdiction cannot be questioned collaterally. (*Clevenger* v. *Moore*, 71 N. J. Law, 148.) The presumption is that the necessary determination has been made that the entire amount unpaid is required to pay the debts of the corporation. If this presumption is overcome, recovery will be limited to the necessary sum (*Johnston* v. *Allis*, 71 Conn. 207–219), or the Bankruptcy Court will see that no wrong is done. (*Kennedy* v. *Gibson*, 8 Wall. 498, 505.) But the order is conclusive upon the right of the trustee in bankruptcy to maintain this action. (*Sanger* v. *Upton*, 91 U. S. 56.)

When the so-called trust fund doctrine is invoked to impress a stockholder's liability to creditors, the cause of action does not arise upon the contract of subscription nor in the right of the corporation.

In *Scovill* v. *Thayer* (105 U. S. 143) full-paid shares were

issued for 20 per centum of their face value. The company became bankrupt. It was held that the agreement with stockholders was void as to creditors because they had a right to presume that the stock would be paid in full. "Such a contract, though binding on the company, is a fraud in law on its creditors which they can set aside." (*Scovill* v. *Thayer, supra,* p. 154.) The action was based on fraud and it was, therefore, necessary to plead and prove the facts which entitled the plaintiff to the relief sought. Allegation and proof were necessary that the indebtedness of the corporation had been ascertained and the liability of each share of stock fixed because creditors were entitled to collect from the stockholders only so far as is necessary to pay the debts. "They were authorized to collect no more. * * * For if in a bankruptcy proceeding any surplus remained after payment of debts, it would go to the company and not to the stockholders. And we have seen that the company in this case would have no right to any surplus." (*Scovill* v. *Thayer, supra,* p. 155.) The trust fund doctrine as applied to stock subscriptions is not recognized in New York and the contractual liability for stock subscriptions alone is enforced; that is, except for statutory liabilities, creditors can collect no more from the stockholder than he agreed to pay the corporation for his stock. (*Southworth* v. *Morgan,* 205 N. Y. 293.)

Actions to collect unpaid subscriptions of bankrupt corporations have been held to be maintainable only on like allegations and proof as required in *Scovill* v. *Thayer, supra.* (*Stevens* v. *Episcopal Church History Co.,* 140 App. Div. 570; *Hunt* v. *Sharkey,* 31 Am. Bank. Rep. 894; *Rosoff* v. *Gilbert Trans. Co.,* 204 Fed. Rep. 349; *Cumberland Lumber Co.* v. *Clinton Hill Lumber Mfg. Co.,* 57 N. J. Eq. 627; *Matter of Newfoundland Syndicate,* 28 Am. Bank. Rep. 119; *Chandler* v. *Keith,* 42 Iowa, 99.) These decisions are, for the greater part, based on the supposed authority of *Scovill* v. *Thayer (supra)*

and they fail to distinguish between unpaid subscriptions and the so-called trust fund liability; between the action on the stock subscription contract and the action which ignores that contract and assesses the stockholders in direct conflict with its terms.    We may well agree with the reasoning of these cases, however, that payment in full of the stockholder's liability upon unpaid subscriptions for capital stock in a bankrupt corporation should not be unnecessarily insisted upon, and that the trustee should recover only such amounts as are determined to be necessary to pay the debts and expenses, but the plaintiff herein has the authority of the Bankruptcy Court to demand and collect of the defendant the full amount due, and the defendant will not be heard to say that the complaint must allege in terms that such court has determined by a preliminary investigation and assessment that the whole amount is necessary to pay debts and expenses.

The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur; CHASE, J., absent.

Order affirmed.