In the Matter of the Petition of PAUL TIMEN to Set Aside the Election of Directors of IDEAL HOME AND CONSTRUCTION COMPANY.

Supreme Court, New York Special Term, May, 1923.

Corporations — election of directors — right of original subscribers to vote although stock was never formally transferred to them.

Although original subscribers to the capital stock of a corporation do not have their shares transferred to them, nevertheless they are, as matter of law, stockholders in relation to the corporation and the books of the corporation should show the fact.

A motion to set aside an election of directors at which such stockholders voted, on the grounds that their names did not appear on the transfer books of the corporation as stockholders thereof, must be denied.

The statutory right (Gen. Corp. Law, § 23) of every stockholder of record to vote unless otherwise provided in the certificate of incorporation, cannot be taken away by a by-law.

PROCEEDING to set aside election of directors.

*Joseph G. Myerson,* for petitioner.

*Jacob B. Eiseman,* for respondents.

TIERNEY, J. This proceeding is brought under section 32 of the General Corporation Law to set aside the election of three directors upon the ground that certain persons were improperly allowed to vote as stockholders whose votes affected the result. The objection to the receipt of these votes is made because the voters did not " appear on the transfer books of the corporation as stockholders of the corporation." This would not militate against their being stockholders. Transferees of stock only appear upon the transfer books as stockholders. Subscribers to the original capital stock do not have their shares transferred to them. The issue of certificates upon such subscriptions is not a transfer. Such stockholders might appear on the stock book or other records of the corporation as stockholders, but never upon the transfer books. It is singular that this erroneous conception of the nature of a transfer book should have persisted for so many years. See *Burr* v. *Wilcox,* 22 N. Y. 551, 555. The petition, which assigns this as the sole reason for invalidating the election, might have been dismissed as insufficient to raise any question. But the respondents have submitted an answering affidavit that discloses the facts, and I think these should be dealt with and a decision made on the merits. The persons whose votes are challenged had contracts for the sale to them of certain lots by another corporation on which installments of the purchase moneys had been paid. They assigned these contracts to the corporation in question, vesting it with the right to receive conveyances of the lots when the payment of the purchase price was completed and agreeing to complete the payment of the purchase price. The corporation agreed that they thereby became subscribers for its capital stock which should be paid for by the transfer of rights to the lots, that there should be allotted to each subscriber shares of stock equal to the agreed upon value of the lots transferred, from the date of the assignment, and the certificates should be delivered when the payment of the purchase price of the lots should be completed. The by-laws provided that such assignor should be entitled, at all meetings of stockholders, to one vote for each share of stock in his name under such allotment. These persons were unquestionably stockholders. They had subscribed for a share of the capital stock

under an agreement that this should constitute them stockholders, they had paid the part of their subscriptions called for and were not in default as to the balance. Certificates might have been appropriately issued to them for part-paid stock and no one would have questioned their status as stockholders as holders of such certificates. But the issuance or existence or non-existence of the certificates does not affect their relation to the corporation. That depends on the facts of their dealings with the corporation and the certificate is merely a convenient form of evidence of the relationship. I am speaking now of the relation of subscribers to the capital stock. When the relation of transferees from the subscribers arises the issue and existence of a certificate becomes of importance as statutory provisions are based on the assumption that section 50 of the Stock Corporation Law that stock shall be represented by certificates has been complied with. Being stockholders, however, does not necessarily carry with it the right to vote. Section 23 of the General Corporation Law provides that a stockholder " of record " shall be entitled to vote and the books of the corporation are the records that must be referred to to determine the qualification of a voter. In the by-laws of this corporation is a provision that at every election of directors every member shall be entitled to one vote for every share of stock held by him " upon the transfer books of the company." As nearly all of the stockholders are subscribers to the capital stock who hold no stock on the transfer books this would disenfranchise most of the stockholders if it were a valid limitation upon the right to vote. But the statute (Gen. Corp. Law, § 23) gives the right to vote to every stockholder of record unless otherwise provided in the certificate of incorporation and this right cannot be taken away by a by-law. The by-law may, therefore, be disregarded. The inquiry is narrowed down, therefore, to the question whether these voters were qualified by being stockholders of record. It is conceded that no certificates of stock have been issued to them. It is not denied that they are subscribers to the capital stock under the circumstances hereinbefore recited. They are, as a matter of law, stockholders in their relation to the corporation. The books of the corporation should show that they are stockholders of record. Just what records are kept by the corporation and how these parties appear thereon is not definitely shown. The petition says they do not appear on the transfer books as stockholders. The answering affidavit says that they do. If so, those are not the books in which such a record could or should be made. But the answering affidavit says further that they appear as stockholders on the stock books

**818** Hendrickson-McCabe Const. Co. *v.* State of New York.

Court of Claims, May, 1923. [Vol. 120

of the corporation. That is where their names should properly appear and the petition does not deny this statement. The burden is on the petitioner to show that these voters were not stockholders of record. He has failed to do so and his proceeding must be dismissed.

Ordered accordingly.