GRANGER & Co. and Another, Plaintiffs, *v.* HENRY L. ALLEN, as Trustee in Bankruptcy of the AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., and Others, Defendants.

Supreme Court, Steuben County, March 19, 1925.

Corporations — stockholder's liability — action by creditors to enforce liability of stockholders pursuant to Stock Corporation Law of 1923, § 70 — defendants executed installment subscription contract providing that stock certificates should bear date and be delivered when payment in full for stock was made — payment in full never was made — defendants did not become stockholders by signing subscription agreement and paying ten per cent — defendants not estopped from denying liability — defendants may be liable to trustee of bankrupt corporation in action to recover unpaid balance of stock subscriptions.

Defendants, who executed installment subscription contracts for stock of a corporation, now bankrupt, containing a provision that the stock certificates should bear date and be delivered when payment in full for the stock was made, are not liable in an action by creditors of said corporation to enforce the liability of stockholders under section 70 of the Stock Corporation Law of 1923, which provides that every holder of shares of stock not fully paid shall be personally liable to creditors of the corporation, since said defendants, who had not paid in full for said stock certificates, were not stockholders of said corporation; the mere execution of the stock subscription contract and the

contemporaneous payment of ten per cent of the par value of said stock did not make them stockholders.

Defendants are not estopped from denying liability, since they were neither incorporators nor directors, nor were they accorded the privileges of stockholders.

*It seems,* that the defendants may be liable in an action by the trustee of the bankrupt corporation to recover the unpaid balance of their stock subscriptions.

ACTION to enforce the liability of stockholders under section 70 of the Stock Corporation Law of 1923.

*John Griffin,* for the plaintiffs.

*James O. Sebring,* for the defendants.

LAMBERT, Official Referee:

The American Railway Brotherhood Association, Inc., came into existence by the filing of a certificate of incorporation in March, 1916. A great diversity of business was recited in and permitted by the certificate of incorporation. It, however, confined its efforts to the establishment and conduct of a department store with its principal office in Buffalo, N. Y. Its authorized capital stock was $100,000, divided into 20,000 shares at $5 each. The business was started soon after its incorporation in March, 1916, and terminated in voluntary bankruptcy in August, 1917. The defendant Allen was appointed trustee, qualified and in his representative capacity brought an action, naming and making therein the same persons who are named as defendants in the present action. The trustee's action was brought to recover the unpaid balance of stock subscriptions. The defendants therein answered setting up failure of consideration, fraud and other defenses. That action is still pending. After issue thus joined, the plaintiffs, having recovered judgments against the corporation, brought this action to recover as permitted by section 70 of the Stock Corporation Law of 1923. The defendants denied the allegations in the complaint that they were holders of stock in the corporation at any time, and affirmatively alleged that the action was barred by the Statute of Limitations; and that the action brought by the receiver barred a recovery in this action. It was conceded on the trial that permission was granted to the plaintiffs by the Federal court to join the receiver as a defendant with the stock subscribers of the corporation. The regularity of the proceedings taken and had in the Federal court, preceding the bringing of this action, was conceded by the defendants. The evidence given tends to show that the corporation had adopted by-laws, but they were not produced. It had a stock book as a part of its corporate records. There was no evidence given respecting the record kept of the stock certificates issued, except two which were read in evidence. Proof was made by the plaintiffs of the death, insolvency and absence of some of the

subscribers of stock as an excuse for not making all of the stock subscribers defendants. It was shown by the introduction of the certificate of incorporation that none of the defendants were incorporators. Likewise it was proved and not disputed that each and every one of the defendants (and other persons not made parties defendant) executed a subscription contract which had been prepared by the corporation, and contemporaneously therewith paid to the corporation ten per cent of the par value of the stock subscribed and by it accepted and retained. The material part of the subscription contract is as follows: " I hereby subscribe for twenty shares of the capital stock of the American Railway Brotherhood Association, Inc., the sum of $100 as follows: $5 on this date and the balance in monthly payments of $5 until fully paid, with the right to pay any larger amount at any time. * * * It is a part of this contract that a certificate for twenty shares of this stock * * * shall be dated and issued to me when the above mentioned payments are completed."

It is the contention of the plaintiffs that the defendants upon the execution of the subscription contract and the payment of ten per cent of the par value of the stock subscribed, became the holders of stock of the corporation, within the meaning and contemplation of section 70 of the Stock Corporation Law of 1923. To support such contention they rely upon the policy of the law declared in *Kohlmetz* v. *Calkins* (16 App. Div. 518); *Beals* v. *Buffalo Construction Co.* (49 id. 589). In the *Beals* case SPRING, J., speaking for the court, says: " It was not necessary that certificates of stock be issued to Schmidt to constitute him a shareholder of the corporation. His subscription created that relation."

The case of *U. S. Radiator Co.* v. *State of New York* (208 N. Y. 144) reasons along lines to the same conclusion. It is there written: " When a corporation has agreed that a person shall be entitled to a certain number of shares, for a consideration permitted by law and executed by the person, those shares come into existence and are owned by him." It is to be noted, however, that the court there had under review the application of section 270 of the Tax Law (as amd. by Laws of 1922, chap. 354). The section provided: " There is hereby imposed and there shall immediately accrue and be collected a tax, as herein provided, on all sales, or agreements to sell, or memoranda of sales and all deliveries or transfers of shares or certificates of stock * * * in any domestic or foreign association, company or corporation * * * *whether made* upon or shown by the books * * * by any assignment in blank, or by delivery, or by any paper or agreement or memorandum or other evidence of sale or transfer."

Under this statutory provision all agreements or instruments for the transfer of shares of corporate stock shall be subject to a transfer tax. What was written in that case in defining when a share of stock came into taxable existence can have no application to the question here under review. The provisions of the statute there and here widely differ in structure and purpose. There are other cases relied upon by the plaintiffs which to my mind when read in the light of the facts involved, do not support their contentions. A stock subscription contract, the leading cases hold, is to be tested and construed by the same rules as any common-law contract, except the required statutory payment of ten per cent of the par or agreed value of stock subscribed. There must be competent parties, a lawful subject, a consideration and the payment of ten per cent purchase price. All these elements are conceded to be in this case present. We have then on the face an apparent valid executory contract for the purchase of stock. The parties all concede that the contracts in question are valid. Their rights and liabilities, therefore, are to be fixed and ascertained by the intention of the parties. (*Wheeler* v. *Millar*, 90 N. Y. 353, 358, and cases cited, especially *Tracy* v. *Yates*, 18 Barb. 152.) FINCH, J., writing, says: " The title may pass, the right become vested, if such be the intention and contract of the parties, although payment is deferred." (*Christensen* v. *Eno*, 106 N. Y. 97; *Rathbone* v. *Ayer*, 84 App. Div. 186; *Warth* v. *Moore B. S. & O. Co.*, 146 id. 28; *Jeffrey* v. *Selwyn*, 220 N. Y. 77; *Breck* v. *Brewster*, 153 App. Div. 800, and cases cited.)

There are many other cases in harmony with the above. The statute (Stock Corp. Law of 1923, § 70) provides: " Every holder of shares of stock not fully paid shall be personally liable to the creditors of the corporation," etc. *Every holder of shares* is the requirement of the statute to predicate an enforcible liability against the defendants. Whether they were " holders of shares " depends upon the intention of the parties making the subscription contract. The delivery of the stock certificate would be no doubt ample evidence to establish that the defendants became shareholders. The payment in full by the defendants for the stock subscribed would accomplish a like result. It has been so decided. The payments were not made and hence we are brought back to the inquiry: was it the intention of the parties that the defendants be regarded as owners and holders of the stock for which they subscribed?

In my judgment the contract makes the emphatic answer that it was not. The contract is so plain and direct that it is not subject to construction. It provides that the certificate shall be dated and delivered when full payment is made. It was never made and the

defendants did not under and by permission of the contract become shareholders. Neither did they become the equitable or legal owners through payment in full of stock.

There is no claim, and there could not be, under the evidence that the defendants were incorporators, directors, or that they were accorded or accepted the privileges of a stockholder, nor did they do any act which would prejudice the rights of creditors, stockholders or the corporation. Estoppel has no place in the case. There is a conceded breach of a presumptively valid contract, for which breach the defendants may be amenable to the trustee's action.

The remaining questions need no discussion. They will be cared for in the findings.

The complaint should be dismissed, with costs.