HARRY L. ALLEN, as Trustee in Bankruptcy of AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., Bankrupt, Plaintiff, *v.* D. M. RYAN, Defendant.

Supreme Court, Steuben County, August 14, 1925.

Corporations — stockholder's liability — action by trustee of bankrupt corporation to recover amount unpaid on defendant's installment stock subscription contract — judgment in prior action by creditors of corporation is bar — neither corporation nor plaintiff is able to deliver stock certificates — possession of stock certificates not necessary condition precedent to enforcement of stockholder's liability — complaint dismissed on merits.

Plaintiff, trustee in bankruptcy of a corporation, is barred from recovering the amount unpaid on defendant's installment subscription contract for the purchase of shares of stock, where it appears that the complaint in a prior action by the creditors of the said corporation and predicated on identical facts as here alleged, was dismissed upon the merits, since the judgment therein is conclusive of the issues in this action.

While the possession of stock certificates is not a necessary condition precedent to the enforcement of the liability of a stockholder either to the corporation or its creditors, the defendant is not obligated to make further payments upon his subscription contract, particularly in the absence of evidence that defendant participated in the management of said corporation and that either the plaintiff or the corporation can now perform the contract.

ACTION to recover the amount alleged to be due from the defendant to the bankrupt corporation by virtue of his subscription for shares of the capital stock in said corporation.

*John Griffin,* for the plaintiff.

*James O. Sebring,* for the defendant.

STEPHENS, J.:

The corporation named in the title of the action was incorporated in March, 1916, and became a voluntary bankrupt in August of the following year; the plaintiff Allen was appointed trustee in bankruptcy and he duly qualified for the execution of his trust.

This is one of several actions brought against individuals to recover the amount unpaid upon their respective subscriptions for shares of the capital stock of the said corporation; the trustee has been authorized by the Federal court to institute the actions and he is, therefore, invested with the right, unquestioned here, to prosecute them. (*Mills* v. *Friedman*, 111 Misc. 253; affd., 194 App. Div. 942; *Jeffery* v. *Selwyn*, 220 N. Y. 77.)

The material portion of the contract which was executed by the defendant, and upon which the action is brought, is as follows:

" I hereby subscribe for 20 Shares of the Capital Stock of the American Railway Brotherhood Association, Incorporated (par value $5.00 per Share), to myself for the sum of $100. I agree to pay for this stock as follows: $5.00 on this date, or within 4 days, and the balance in monthly payments of $5.00 until fully paid * * *

" Stock may be paid for in full or in larger payments at an earlier date.

" It is part of this contract that a certificate for 20 Shares of stock * * * shall be dated and issued to me when the above-mentioned payments are completed."

The defendant paid ten dollars at or about the time of the execution of the agreement and has made no other payment except the sum of five dollars that was paid to the plaintiff trustee after his appointment; the defendant seeks to escape the payment of the other installments mentioned in the subscription contract upon the ground, among others, that neither the corporation nor the plaintiff is able to deliver certificates of stock if he should pay in full; the plaintiff, on the other hand, insists that the defendant's liability is to no extent minimized by the inability of the corporation or of himself to issue such certificates, making the familiar distinction between the ownership of shares in a corporation and the certificates which are evidence of such ownership.

The plaintiff relies upon the simple obligation created by the contract to pay the sums of money therein specified; the defendant resorts to the rules applicable to the purchase and sale of tangible property, that is, the stock certificates, and upon a judgment in another action which it is claimed is decisive of the issue that is here for decision.

After the commencement of this and kindred actions, and in

the year 1920, two judgment creditors of the corporation brought an action to enforce the statutory liability of the stockholders pursuant to section 56 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, § 70), making the defendant here, and many others, defendants therein; the trustee in bankruptcy, though an unnecessary party, was at his request also included among the defendants; the issues in that action were referred to Hon. John S. Lambert, official referee, to hear and determine, and in March, 1925, before the trial of this case, judgment had been entered upon the report of said referee, dismissing the complaint upon the merits; the judgment roll was offered by the defendant and received in evidence.

Among the conclusions of law, the learned referee found that the defendant did not become a shareholder or stockholder of the said corporation or liable as a stockholder to any of its creditors. (*Granger & Co.* v. *Allen*, 124 Misc. 599.)

The defendant urges that this judgment is conclusive of the issues in this action or, at least, is entitled to be considered as a controlling authority; in either aspect, it is the cause of not a little embarrassment; that action is not between the same parties; the right of action was not derived from the same source; however, whether the action were brought under the statute or were one at common law, it depended upon the defendant's contract with the corporation, the creditors being subrogated to the latter's claim; it is conditioned upon the same fact, an amount unpaid on defendant's subscription; the measure of liability is identical; it is limited to such amount; a judgment for the plaintiff in that action would operate *pro tanto* as a bar to this one; there cannot be a double recovery (*Stephens* v. *Fox*, 83 N. Y. 313; *Glenn* v. *Garth*, 133 id. 18; 147 U. S. 360; *Myers* v. *Sturgis*, 123 App. Div. 470; affd., 197 N. Y. 526; *Warth* v. *Moore B. S. & O. Co.*, 146 App. Div. 28; affd., 207 N. Y. 673); this the plaintiffs there recognized, for, in their prayer for judgment, they asked that this plaintiff be restrained from further proceeding in the series of actions of which this is one; it may be observed in passing, that the attorney of record for the plaintiff in this action was counsel for the plaintiffs in the other; the judgment determined the relationship of the defendant to the corporation, that the subscription contract did not make him a stockholder nor did he otherwise become one; the same instrument is relied upon here to support a recovery; if it did not evidence a debt to the company which a creditor could successfully pursue, it can serve the corporation or its representative no better.

Due respect to the decision in the creditors' action compels

me to hold that, since the defendant was there exonerated from liability, he is also immune from liability here, that liability in each case being predicated upon his indebtedness to the corporation.

I am not unmindful that the learned referee said, in closing his opinion: " There is a conceded breach of a presumptively valid contract, for which breach the defendants may be amenable to the trustee's action," but, with all deference, I am unable to discover the principle by which the creditors are prevented from reaching a debt due to the corporation which the latter or its representative could recover; it is true that, while it was found in the *Granger* case that none of the defendants ever became shareholders in the corporation or liable to any of its creditors, it was also found that more than two years having elapsed after the adjudication in bankruptcy, the statutory limitation discharged the defendants from liability to the creditors if any such liability ever existed ; the opinion written in support of the decision is entirely devoted to the discussion of the absence of liability.

Even if there were no inclination to follow the decision in the *Granger* case, I am of the opinion that the plaintiff must be denied a recovery; the defendant promised to pay the corporation a definite sum of money, the corporation agreeing on its part to do a specific thing in consideration therefor; the corporation agreed with the defendant " that a certificate for twenty shares of this stock * * * shall be dated and issued * * * when the above mentioned payments are completed; " the quoted provision was recited to be " a part of this contract; " it will be observed that no certificates were to be issued until final payment, though the stipulated payments would pay for a share each month; the contract, on the part of the company, is entire and indivisible; the company might have chosen to issue certificates before full payment (Stock Corp. Law of 1923, § 74); neither the plaintiff nor the corporation can now perform the contract.

It was held that the tender of certificates of stock is not a condition precedent to the right of action in *Kohlmetz* v. *Calkins* (16 App. Div. 518); the complaint alleged in that case that the defendant " became a member and shareholder in said company; " the defendant's demurrer admitted the fact; the decision was reached by the distinguished jurist writing the opinion " with some hesitation; " in *Burr* v. *Wilcox* (22 N. Y. 551), a creditor's action, it was said that the interest of a party in a corporation to whom a certificate is issued, is the same before as after such issue; the possession or non-possession of certificates is indecisive; the relation of stockholder and defendant's obligation to pay, is created by the subscription contract. (*Beals* v. *Buffalo Construction Co.,* 49

App. Div. 589; *Lyell Ave. Lumber Co.* v. *Lighthouse,* 137 id. 422;
*Matter of Timen,* 120 Misc. 815.)

One may be liable upon a stock subscription when no certificate
of ownership had been issued to him if there were something more
than the agreement and a partial payment thereon, and the intention
to become a shareholder was unmistakably manifested by exercising
the rights of such a relationship and participating in the management
of the corporation (*Wheeler* v. *Millar,* 90 N. Y. 353; *Flour City
National Bank* v. *Shire,* 88 App. Div. 401; affd., 179 N. Y. 587);
such participation may be effective to validate an invalid sub-
scription (*Jeffery* v. *Selwyn,* 220 id. 77); one may, too, have the
certificates and not be obliged to pay for the stock represented by
them (*Christensen* v. *Eno,* 106 id. 97); it is granted, therefore,
that the possession of stock certificates is not a necessary condition
precedent to the enforcement of a stockholder's liability either to
the company or to its creditors.

The plaintiff relies with a large measure of confidence upon
the corporate books, two in number, that were received in evidence,
to establish the defendant's relation as a stockholder; the entries
in these books, however, are negligible by reason of their variance
if for no other reason; in the stock book claimed to have been kept
pursuant to section 10 of the Stock Corporation Law (Exhibit 9),
the only entry in connection with the name of the defendant is:
" Name: D. M. Ryan;" " Address: 5 Elmwood, Hornell, N. Y.;"
" Date of Application: Dec. 11, 1916;" " No. of Shares: 20;" " Par
Value: $100.;" and the words " From whom received Company;"
there is no other indication of the time when Mr. Ryan became
the owner of any shares and there is no entry of any " Amount
paid thereon;" in another book, however (Exhibit 10), which is
obviously not a book of original entry, two payments of five dollars
each are credited to the defendant; a casual examination of but
a few of the entries in these books, shows similar discrepancies;
the said stock book is a loose-leaf record; there are in it the names
of 484 persons, each name on a separate leaf; all are indicated to have
subscribed for twenty shares, except three where the number of
shares is not shown; it appears that 164 have made no payments,
131 have paid five dollars or less, 11 one hundred dollars, and
the remaining 178 varying sums of ten dollars and upwards; this
is believed to be an exact statement; at any rate, it is a very close
approximation to accuracy of the contents of the stock book; the
book gives no aid to the plaintiff.

The defendant participated in no degree in the management of
the corporation; he did nothing except to sign the subscription and
pay two installments; it is a fair assumption that it was the mutual

intention that he should not exercise any of the privileges of a shareholder until the certificates were issued to him, nor to be obligated to make further payments if, before doing so, it should become apparent that the company was not in a position to perform. (Cook Corp. [8th ed.] §§ 61, 192.)

I reach the conclusion, therefore, from all the foregoing considerations, that the plaintiff is not entitled to recover and that the complaint should be dismissed on the merits, with costs; findings in accordance herewith, may be presented for signature.